UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY SCHUH,

       Plaintiff,

v.

JERRY CLAYTON, MARK PTASZEK,
MICHELLE BILLARD, ERIC KUNATH,
MICHELLE BROWN, KATRINA
ROBINSON, LIEUTENANT
SCHIAPPACASSE, SERGEANT CLIFTON,
RICHARD WILLIAMS, III, SERGEANT
FLINT, SERGEANT BURRIS, BRANDON
ROBERTS, DEPUTY FENDT, ERIN
CLARK, SERGEANT JUSTICE, CARRIE
A. ENGLE, DEPUTY VALDIVIDA,
FNU MORARIA, DIRECTOR OF FOOD
SERVICE, DEPUTY KOHLENBERG,
DEPUTY DEA, and DEPUTY LE,

       Defendants.

Case Number 20-10468
Honorable David M. Lawson

_____/

**<u>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR
AN ORDER DIRECTING JAIL OFFICIALS TO PROVIDE COPIES
OF PLEADINGS AND EXTENDING DEADLINES TO CORRECT
NOTICE OF DEFICIENCY AND FOR COMPLETION OF SERVICE</u>**

On February 24, 2020, the plaintiff, a prisoner presently residing in the custody of the Washtenaw County Jail, filed his *pro se* complaint alleging violations of his constitutional rights by 21 individual jail officials. The complaint alleges, among other things, that the plaintiff was subjected to excessive force without justification and that his right to access the courts has been frustrated by the defendants' refusal to allow him access to legal materials. The Court granted the plaintiff's application to proceed without prepayment of fees on March 4, 2020. Because he is proceeding without counsel and has been granted leave to proceed *in forma pauperis*, the plaintiff automatically is entitled to have service of process completed by the United States Marshal. E.D.

Mich. LR 4.1(b) ("[U]nless the plaintiff requests otherwise, the Clerk must arrange for service of the summons and complaint by the United States Marshal for a plaintiff authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915 [and] [a] request for that assistance is not necessary."). However, the plaintiff is obligated to supply copies of the summons and complaint for service by the Marshal, and a notice of deficiency was issued directing him to do so by April 3, 2020. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.").

After the notice of deficiency was issued, the plaintiff filed a motion seeking assistance from the Court, in which he states that he cannot comply with the Court's direction because the responsible jail officials have refused either to produce or to allow the plaintiff to produce the needed 21 copies of the summons and complaint, even when the plaintiff requested to be allowed to do so at his own expense. Of course, the "[p]laintiff's constitutional right of access to the courts does not include unlimited free photocopying services." *Helfinstine v. Lawless*, No. 18-679, 2018 WL 6515151 (S.D. Ohio Dec. 11, 2018) (citing *Courtemanche v. Gregels*, 79 F. App'x 115, 117 (6th Cir. 2003)). However, there is no reason apparent to the Court why jail officials cannot provide access to copying services at the plaintiff's expense upon request.

The Court finds under the circumstances that the encouragement of the just, speedy, and inexpensive progress of this litigation, *see* Fed. R. Civ. P. 1, will be encouraged by ordering the responsible officials of the Washtenaw County Jail to permit the plaintiff appropriate access to copying services to produce service copies and to charge the expense to his jail account. The Court also will extend the time for the plaintiff to correct the deficiency for failure to provide service copies. Furthermore, in light of the present extrinsic circumstance of the global coronavirus

pandemic, which may further complicate the completion of service, and which has required, among other things, the recent total closure of the Court's own facilities, the Court also will extend the time for service of process to be completed.

Accordingly, it is **ORDERED** that the plaintiff's motion for an order directing production of service copies (ECF No. 6) is **GRANTED IN PART**.

It is further **ORDERED** that the responsible officials of the Washtenaw County Jail forthwith shall provide appropriate access to copying facilities so that the plaintiff can procure 21 copies of his summons and complaint for service by the United States Marshal, and the expense of the copying shall be charged to the plaintiff's jail account.

It is further **ORDERED** that the plaintiff must supply the required service copies to the Clerk of Court **on or before May 15, 2020**.

It is further **ORDERED** that service of the summons and complaint must be completed **on or before June 30, 2020**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date: April 1, 2020

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on April 1, 2020.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI