UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY SCHUH,

        Plaintiff,

v.

JERRY CLAYTON, MARK PTASZEK,
MICHELLE BILLARD, ERIC KUNATH,
MICHELLE BROWN, DAVID CLIFTON,
RICHARD WILLIAMS, III, ERIC FLINT,
TYESHONDA BURRIS, JOSEPH FENDT,
ERIN CLARK, C'NA JUSTICE, CARRIE A.
ENGLE, DAMIEN VANDIVIDIA, JOHN
MORARIO, ERIC KOHLENBERG,
CHRISTOPHER DEA, PHUONG LE,
FREDERICO GARCIA, RANDY CASEY,
NANETTE WORLEY AND DARYL PARKER,

        Defendants.
_____/

Case No. 20-10468
District Judge David M. Lawson
Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Jeremy Schuh's Motion for Default Judgment Against Defendants Parker, Worley, and Morario [ECF No.61], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

**I.    FACTS**

Plaintiff, an inmate of the Washtenaw County Jail, filed his initial *pro se*

complaint on February 24, 2020. On June 19, 2020, attorney Frank J. Lawrence was assigned as Plaintiff's *pro bono* counsel [ECF No. 13], and on October 21, 2020, he filed a first amended complaint ("FAC") on Plaintiff's behalf [ECF No.40]. On December 14, 2020, the Court granted Mr. Lawrence's motion to withdraw [ECF No. 50]. On January 4, 2021, the Plaintiff, now proceeding *pro se*, sent a second amended complaint ("SAC") to the Court, postmarked and entered on the docket on January 4, 2021 [ECF No. 52].[1] Defendant Morario filed an answer to the SAC on January 27, 2021 [ECF No. 54]. Defendants Parker and Worley filed an answer to the SAC on February 5, 2021[ECF No. 57].[2]

---

[1] Because mail processing has been delayed because of the court closure and other issues relating to the public health crisis, prisoner and *pro se* filings by litigants who do not electronically file documents are docketed as of the date of the postmark, even though the Clerk's Office may receive those documents later. This is done so that *pro se* and prisoner litigants are not prejudiced by the late receipt of pleadings owing to circumstances beyond their control. In this case, Plaintiff's SAC was postmarked January 4, 2021, but was actually *received* by the Court on January 14, 2021. *See Notice of Electronic Filing*, ECF No. 65-1, PageID.838, noting "The following transaction [ECF No. 52] was entered on 1/14/2021at 1:57 PM EST and filed on 1/4/2021." Thus, Defendant Morario, whose counsel receives these notices electronically through their email, would have received the SAC on January 14, 2021, and his answer was filed on January 27, 2021, 13 days later.

[2] Neither Parker nor Worley were named in the original complaint. They were first named as Defendants in the FAC, and then in the SAC. However, Plaintiff has not filed a proof of service showing that they were properly served with either the FAC or SAC, as required by Fed.R.Civ.P. 4(l) ("[i]f service is not waived, the person effecting service shall make proof thereof to the court."). On

In this motion, filed on February 6, 2021, Plaintiff argues that Defendants Morario, Parker, and Worley did not timely file answers to his SAC, and therefore "seeks the entry of default judgments" against these Defendants. ECF No. 61, PageID.776, ¶ 6.

## II. STANDARD OF REVIEW

In order for a Plaintiff to obtain a judgment by default, he or she must first obtain a Clerk's entry of default pursuant to Fed.R.Civ.P. 55(a). A default judgment is governed by Rule 55(b)(2). "An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000) (quoting *United States v. Topeka Livestock Auction, Inc.*, 392 F.Supp. 944, 950 (N.D. Ind. 1975)). In *Vongrabe v. Sprint PCS*, 312 F.Supp.2d 1313, 1318 (S.D. Cal. 2004), the court explained:

> "The section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment."

*See also Ramada Franchise Sys., Inc.*, 220 F.R.D. 303, 305 (N.D. Ohio 2004);

---

February 5, 2021, they voluntarily accepted service of the SAC and filed their answer on that day [ECF No. 57].

*DeTore v. Local # 245 of the Jersey City Public Employees Union*, 511 F.Supp. 171, 176 (D.N.J. 1981) ("However, no default judgment may be entered under either F.R.Civ.P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment.").

## III. DISCUSSION

There has been no Clerk's entry of default in this case under Rule 55(a), so Plaintiff is not entitled to a default judgment under Rule 55(b).

## IV. CONCLUSION

I recommend that Plaintiff's Motion for Default Judgment Against Defendants Parker, Worley, and Morario [ECF No.61] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.

1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen (14) days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled ad "Response to Objection #1," "Response to Objection #2," etc.

 s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: March 25, 2021