In The United States District Court
For The Eastern District of Michigan

Jeremy Daniel Schuh,　　　Case No. 20-CV-10468
　Plaintiff,
　　　　　　　　　　　　　Hon. David M. Lawson
V.
　　　　　　　　　　　　　Mag. R. Steven Whalen
Jerry L. Clayton, et. al.
Defendants,
_____/

## Plaintiff's Response to Wellpath Defendants' Motion to Compel.

1.) On March 25, 2021, WELLPATH Defendants filed Motion to Compel Discovery (See, 3-25-21 Motion to Compel).

2.) It shall be noted that for the very reasons Defendants allege Plaintiff's Motion to Compel Discovery was Premature, Directly applies to their Motion now. Defendants admitted Violated ED Mich. LR 7.1, as they failed to seek concurrence with Plaintiff, they also further violated ED Mich. LR

2.cont.) 37.1, further Mandating Counsel to in Good faith attempt to confer with opposing Counsel "to narrow the areas of Disagreement", Prior to Motion to Compel. It is irrefutably Clear that Counsel for Wellpath Defendants, failed to do this, as they admit; but wish to have this Honorable Court hold the Pro Se Plaintiff to a higher standard than they themselves are held (See, 3-16-21 Response to Motion to Compel at 2).

3.) In their Motion Defendants appear to Argue, that due to Plaintiff's Jan. 6, 2020, Court Incident "where he unsteadly stood on one side, using his Non-numb Right hand to guide left hand under table in order to flip it Before he lost balance and fell back luckily into already awaiting wheelchair", that this somehow Negates his claims. Plaintiff has always factually stated, Left sided Numbness, not Left sided Non-functioning; and this Numbness has caused decreased Strength in Left hand/Arm and Left leg, causing Plaintiff to not be able to sustain full weight on Left leg, Properly walk, nor use left arm to full degree; all of which Plaintiff has claimed from start of this Action. Thus, Defendants alleging that Jan. 6, 2020 Incident Negates claims is mere attempt to Prejudice Court against Plaintiff.

4.) Contrary to Defendants', mischaracteration Plaintiff does not merely "Expressly Disagree with Defendant Dr. Parker's Diagnosis and treatment for his Medical Condition (s)", as they wish to state (See, 3-25-21 Motion at 3). Plaintiff states, "A Government Doctor has Duty to do more than simply provide some treatment to a Prisoner who has Serious Medical needs, Instead the Doctor must provide Medical Treatment to a Patient without Consciously exposing them to an Excessive Risk of Serious Harm", LeMarbe v. Wineski 266 F.3d 429, 439 (6th Cir. 2001).

5.) Defendants fail to show the Relevancy, of Plaintiff's Mental Health Records; Plaintiff's Tax Records for last 7 years; Plaintiff's Health Care Info Prior to Aug. 2, 2018, when claims arose in 2019-2020; Plaintiff's Medicare/Medicaid prior to Aug. 2018; Social Security Administration Info; Blue Cross Blue Shield Info, the Defendants Claims of Relevancy fail to allege Specifically how this Protected, Confidential, and Privileged Info pertain to them, in anything more than Stereotypical and Conclusory statements — as Required to be compelling.

6.) It is Ironic, that Defendants allege, Plaintiff is Obstructing Discovery because he gave Valid Objections per. FRCP 34(b)(2), to them obtaining Clearly Protected Info, that isn't even relevant and amounts to nothing more than a Fish Expedition (See, Bush v. Dictaphone Corp. 161 F3d 363, 367 (6th Cir. 1998); Superior Prod. Part. v. Gordon Auto Body 784 F3d 311, 320-21 (6th Cir. 2015)).

7.) Defendants allege, "there may be video that show Plaintiff can ambulate on his own", but because Plaintiff refuses to sign a Clearly one sided Pro Defendant Protective Order (they Ironically continue dictate and draft, in effort to guard his Federally Protected Privileges (notably HIPAA) they are unable to get that/them Video (which has nothing to do with Plaintiff's refusal to sign order, but Washtenaw Defendants Refusal to Grant access).

8.) Defendants allege Subterfusely, "that the only conceivably relevant Privilege is the Physician-Patient Privilege. Because this Privilege is Not applicable in the context of this case" (See, 3-25-21 Motion at 8).

9.) It seemingly appears to Plaintiff, that Defendants think that due to Plaintiff filing suit revolving around issues occurring while in Jail in 2019-2021, he has waived All privileges to Any and all past Medical, Mental Health, and even Tax Records (as well as future). This may be due to their Clear Misreading of MCL 600.2157. However MCL 600.2157 states, "If the Plaintiff brings an Action against Any Defendant to recover for Any personal injuries ... and the patient produces a Physician as a witness in the patient's own behalf who has treated the patient for the injury ..., the patient shall be considered to have waived the privilege ... as to another physician who has treated the patient for the injuries." Peterson v. Outback Stakehouse 2016 US Dist. Lexis 129596 at *7 (ED Mich. Sept. 22, 2016), citing Landelius v. Sackellares 453 Mich. 470 (1996); Domako v. Rowe 438 Mich. 347 (1991). To Date Plaintiff has produced No Physician as a Witness, it was actually Defendant who sought to Produce the names of Plaintiff's treating Doctors as witnesses First even though even under mimimal requirements of MCL 600.2157, this is a Clear violation.

9. cont.) Even though Defendants are well aware, that HIPAA provides Greater protections than does MCL 600.2157, they still choose to Argue against this Privilege or fail to Acknowledge it (See, Palazzolo v. Mann 2009 US Dist. Lexis 22348 at *2 (ED Mich. Mar. 19, 2009); Congress v. Tillman 2009 US Dist. Lexis 50501 at *1 (ED Mich. June 16, 2009)) "Moreover, unlike MI Law HIPAA does not permit unfettered Access to a Patient's Medical Providers". Thomas v. 1156729 Ontario Inc 979 F. Supp. 2d 780, 783 (ED Mich. 2013); also Peterson v. Outback Stakehouse at *8-9. As to the allegations of Defendants' Plaintiff's claims are baseless, then Plaintiff would "implore them to test that theory" by filing FRCP 56 Motion, instead of engaging in Costly Discovery as a way to Milk Billable hours!

10.) This Document is executed per 28 USC §1746 and Under the Penalty of Perjury, as all claims made are True.

YOURS VERY TRULY

J. Daniel Sehl

3-28-21

## Relief

The Plaintiff respectfully Requests that this Honorable Court Grant him the following Relief (1) Enter Order denying Wellpath Defendants' Motion to Compel; (2) Enter Order Directly informing Wellpath Defendants per US Supreme Court Standards they are Party to Suit as Official Capacity and it would be redundant to rename Wellpath; (3) Enter Order deeming Plaintiff's Objections to Discovery Request sufficient and specific per FRCP 34(b)(2); and/or (4) Enter any other Order(s) deemed Just, Equitable, and Pertinent, to this matter.

Respectfully Submitted
Jeremy D. Schuh

3-28-21

## Cert of Service

I Jeremy Schuh filed 1 copy of this Document to ED Fed Court; 1 copy to B. Richtarcik; and kept 1 copy.

Jeremy D Shu
3-29-21

J. Daniel Schuh
2201 Hogback Rd.
Ann Arbor MI 48105-9732



No postmark

Filed
3-29-21

U.S. District Court
C/o Clerk
231 W. Lafayette Blvd. Rm. 564
Detroit MI 48226



RECEIVED
APR 16 2021
CLERK'S OFFICE
U.S. DISTRICT COURT



Metroplex MI 480 ZIP
WED 31 MAR 2021 PM