UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JEREMY SCHUH,<br>    Plaintiff,<br>v.<br><br>JERRY CLAYTON, MARK PTASZEK, MICHELLE BILLARD, ERIC KUNATH, MICHELLE BROWN, DAVID CLIFTON, RICHARD WILLIAMS, III, ERIC FLINT, TYESHONDA BURRIS, JOSEPH FENDT, ERIN CLARK, C'NA JUSTICE, CARRIE A. ENGLE, DAMIEN VANDIVIDIA, JOHN MORARIO, ERIC KOHLENBERG, CHRISTOPHER DEA, PHUONG LE, FREDERICO GARCIA, RANDY CASEY, NANETTE WORLEY, and DARYL PARKER,<br><br>    Defendants.<br>_____/ | Case No.: 20-10468<br><br>David M. Lawson<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

# REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AGAINST WELLPATH (ECF No. 62)

## I.    PROCEDURAL HISTORY

Plaintiff Jeremy Schuh commenced the instant action on February 24, 2020 without the assistance of counsel. (ECF No. 1). Plaintiff filed a Motion for

Preliminary Injunction, which was signed February 6, 2021, and docketed February 23, 2021. (ECF No. 62). This matter was referred to the undersigned for all pretrial proceedings. (ECF No. 106).

For the reasons discussed below, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction against Wellpath be **DENIED**.

## II. SECOND AMENDED COMPLAINT ALLEGATIONS

Plaintiff filed a second amended complaint on January 4, 2021. (ECF No. 52). According to the second amended complaint, Plaintiff maintains his rights were violated when he suffered various forms of retaliation due to the federal actions he filed while housed at the Washtenaw County Jail ("WCJ"). (*Id.*). The alleged retaliatory actions occurred while Plaintiff was a pretrial detainee. (ECF No. 52, PageID.568).

Specifically, Plaintiff alleges that from February 2019 until November 2020, in retaliation for previously filed lawsuits, he allegedly suffered a number of abuses involving, but not limited to, excessive use of force, assault and battery, and intentional infliction of emotional distress involving the Washtenaw Defendants,[1]

---

[1] The Washtenaw Defendants include the following individuals who are identified in Plaintiff's second amended complaint as being employed at Washtenaw County Jail – Jerry Clayton, Mark Ptaszek, Michelle Billard, Eric Kunath, Randy Casey, Federico Garcia, David Clifton, Richard Williams III, C'Na Justice, Tyeshonda Burris, Eric Flint, Eric Kohlenberg, Joseph Fendt, Christopher Dea, Damien Valdivia, and Phuong Le. (ECF No. 62, PageID.568-71).

2

and denial of adequate medical treatment involving the Wellpath Defendants,[2] which amounted to violations of his First, Eighth, and Fourteenth Amendment rights, and the Americans with Disabilities Act ("ADA"). (ECF No. 52). In regard to the Wellpath Defendants, Plaintiff stated in a grievance he felt "[m]edical staff were being [o]rdered to [d]eliberately not provide him with proper care 'others similarly situated receive', due to past Grievances filed . . . ." (*Id.* at PageID.577).

Plaintiff has requested the Court enter an order granting his preliminary injunction motion to reinstate his physical therapy as ordered by a neurologist and for Wellpath to cease and desist all retaliatory interference with Plaintiff's ongoing medical treatment for his serious medical condition. (ECF No. 62, PageID.784).

## III.   ANALYSIS AND RECOMMENDATIONS

In Plaintiff's second amended complaint, he alleges the Wellpath Defendants have retaliated against him by not providing him with proper medical treatment and denying him access to a walker and wheelchair. (ECF No. 52). In regard to his physical therapy, Plaintiff includes the following statement:

> On Nov. 5, 2020, the Plaintiff was finally seen by outside [n]eurologist whom ordered he undergo [p]hysical [t]herapy, which sta[r]ted on Dec. 7, 2020.

---

[2] The Wellpath Defendants are the following individuals who are identified in Plaintiff's second amended complaint as being employed by Wellpath – Daryl Parker, M.D., Michelle Brown, Carrie Engle, L.P.N., Erin Clark, L.P.N., and Nanette Worley. (*Id.*).

(*Id.* at PageID.604). Plaintiff's operative complaint contains no further allegations regarding this treatment.

The issuance of preliminary injunctive relief is committed to the discretion of the district court. *Planned Parenthood Ass'n v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987). In determining whether to grant or deny a preliminary injunction, the Court must consider four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). Although no single factor is controlling when determining whether a preliminary injunction should be issued, the likelihood of success on the merits is often the predominant consideration. *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) ("[A] finding that there is simply no likelihood of success on the merits is usually fatal."). Plaintiff bears the burden of demonstrating his entitlement to injunctive relief which is "an extraordinary remedy which should be granted only if the movant carries his or her

4

burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Indeed, the "proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000); *see also McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012) ("The proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion because a preliminary injunction is an extraordinary remedy.").

Plaintiff has failed to satisfy his burden as he neglected to discuss the likelihood of success in his motion. Therefore, the Court need not consider the remaining preliminary injunction factors. *Gonzales*, 225 F.3d at 625 ("[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal."); *see also Cox v. Jackson*, 579 F. Supp. 2d 831, 854 (E.D. Mich. 2008). In his motion, Plaintiff proffers no admissible evidence from the neurologist or any other medical professional illustrating that he was required to continue physical therapy. He merely states in his second amended complaint and motion the neurologist ordered he receive physical therapy for his left-sided numbness and that he participated in a few sessions. (ECF No. 52, 604; ECF No. 62, PageID.779). Further, he does not attach the medical order stating as much or

5

provide any additional detail as to the how long he was allegedly directed to participate in such treatment.  Thus, there is no evidence in the record illustrating that long-term physical therapy is required.  *Anderson v. Prisoner Health Servs.*, 2011 WL 2144205, at *3 (E. D. Mich. Apr. 27, 2011) (finding plaintiff failed to show likelihood of success on the merits as there was no evidence in the record illustrating that the medical treatment was necessary or explaining why it had yet to occur).  Without a shred of evidence, the Court is not afforded an opportunity to assess the likelihood of success on the merits.

Pursuant to prevailing jurisprudence, while Plaintiff has set forth statements alleging his physical therapy was terminated in retaliation for the cases he commenced against the Wellpath Defendants, the law as interpreted requires more.  *See Beeler v. Deutsche Bank Nat'l Trust, Co.*, 2008 WL 495482, at *2 (E.D. Mich. Feb. 21, 2008).  He must address the factors (i.e., the likelihood of success on the merits, the impact of the injunction upon others, and the role of the public interest) "with some degree of clarity and thoroughness."  *Id.*  As discussed above, Plaintiff has failed to address any of the factors, most importantly likelihood of success, in his pending motion.  *Id.*; *Gonzales*, 225 F.3d at 625 ("[A] finding that there is simply no likelihood of success on the merits is usually fatal.").  Accordingly, the Court should **DENY** Plaintiff's motion for a preliminary injunction.

IV.   **RECOMMENDATION**

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's Motion for Preliminary Injunction (ECF No. 62) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  July 29, 2021            s/Curtis Ivy, Jr.
                                Curtis Ivy, Jr.
                                United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 29, 2021, by electronic means and/or ordinary mail.

                                s/Kristen MacKay
                                Case Manager
                                (810) 341-7850