UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY SCHUH,
     Plaintiff,

v.

JERRY CLAYTON, MARK
PTASZEK, MICHELLE
BILLARD, ERIC KUNATH,
MICHELLE BROWN, DAVID
CLIFTON, RICHARD
WILLIAMS, III, ERIC FLINT,
TYESHONDA BURRIS, JOSEPH
FENDT, ERIN CLARK, C'NA
JUSTICE, CARRIE A. ENGLE,
DAMIEN VANDIVIDIA, JOHN
MORARIO, ERIC
KOHLENBERG, CHRISTOPHER
DEA, PHUONG LE, FREDERICO
GARCIA, RANDY CASEY,
NANETTE WORLEY, and
DARYL PARKER,
     Defendants.
_____/

Case No.: 20-10468

David M. Lawson
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**ORDER ON PLAINTIFF'S MOTIONS TO COMPEL AND DEFENDANTS'
MOTION FOR A PROTECTIVE ORDER (ECF Nos. 71, 72, 86)**

## I.    PROCEDURAL HISTORY

Plaintiff Jeremy Schuh commenced the instant action on February 24, 2020,

without the assistance of counsel.  (ECF No. 1).  Plaintiff filed a second amended

complaint on January 4, 2021.  (ECF No. 52).  According to the second amended

complaint, from February 2019 until November 2020 while housed at the

Washtenaw County Jail ("WCJ"), in retaliation for previously filed lawsuits,

Plaintiff allegedly suffered a number of abuses involving, but not limited to,

excessive use of force, assault and battery, and intentional infliction of emotional

distress involving the Washtenaw Defendants,[1] and denial of adequate medical

treatment involving the Wellpath Defendants,[2] which amounted to violations of his

First, Eighth, and Fourteenth Amendment rights and the Americans with

Disabilities Act ("ADA").  (ECF No. 52).  The alleged retaliatory actions occurred

while Plaintiff was a pretrial detainee.  (*Id.* at PageID.568).

On February 16, 2021, he filed separate motions to compel the production of

documents against the Wellpath Defendants (ECF No. 71) and Washtenaw

Defendants (ECF No. 72).  On February 28, 2021, Plaintiff filed a supplemental

brief to his Motion to Compel against the Washtenaw Defendants.  (ECF No. 85).

On March 16, 2021, the Wellpath Defendants and Washtenaw Defendants filed

their respective responses to Plaintiff's Motions to Compel.  (ECF Nos. 79, 81).

---

[1] The Washtenaw Defendants include the following individuals who are identified in Plaintiff's second amended complaint as being employed at Washtenaw County Jail – Jerry Clayton, Mark Ptaszek, Michelle Billard, Eric Kunath, Randy Casey, Federico Garcia, David Clifton, Richard Williams III, C'Na Justice, Tyeshonda Burris, Eric Flint, Eric Kohlenberg, Joseph Fendt, Christopher Dea, Damien Valdivia, and Phuong Le.  (ECF No. 62, PageID.568-71).

[2] The Wellpath Defendants are the following individuals who are identified in Plaintiff's second amended complaint as being employed by Wellpath – Daryl Parker, M.D., Michelle Brown, Carrie Engle, L.P.N., Erin Clark, L.P.N., and Nanette Worley.  (*Id.*).

On March 29, 2021, Plaintiff filed a reply to Wellpath Defendants' response. (ECF No. 93).

On March 24, 2021, the Washtenaw Defendants filed a Motion for Protective Order.  (ECF No. 86).  On March 29, 2021, Plaintiff filed a response to the motion.  (ECF No. 94).

This matter was referred to the undersigned for all pretrial proceedings. (ECF No. 106).  For the reasons discussed below, Plaintiff's Motion to Compel against the Wellpath Defendants is **GRANTED IN PART, DENIED IN PART**, Plaintiff's Motion to Compel against the Washtenaw Defendants is **GRANTED IN PART, DENIED IN PART**, and the Washtenaw Defendant's Motion for a Protective Order is **GRANTED**.

## II.    GENERAL DISCOVERY LEGAL STANDARDS

The Federal Rules of Civil Procedure were written to facilitate the discovery of relevant evidence proportional to the needs of each case.  Rule 26 authorizes relatively expansive discovery, subject to the considerations set forth in Rule 26(b)(1).  Further, a court has broad discretion over discovery matters, *Trepel v. Roadway Express, Inc.*, 194 F.3d 708 (6th Cir. 1999), and in deciding discovery

disputes, a magistrate judge is entitled to that same broad discretion, and an order of the same is overruled only if the district court finds an abuse of discretion.[3]

"Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401. However, Rule 26(b)(1) requires a "threshold showing that the requested information is reasonably calculated to lead to the discovery of admissible evidence" in order to avoid the "proverbial fishing expedition, in hope that there *might* be something of relevance."  *Tompkins v. Detroit Metro. Airport*, 278 F.R.D. 387, 388 (E.D. Mich. 2012).  Additionally, "[d]istrict courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce."  *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 304-05 (6th Cir. 2007).

### III.   ANALYSIS

A. Motion to Compel Production from Wellpath Defendants (ECF No. 71)

---

[3] In deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and his order is overruled if the district court finds an abuse of discretion.  12 Wright, Miller & Marcus, Federal Practice and Procedure § 3069, 350 n. 20 (2d ed. 1997 & Supp. 2010) (citing cases).  An abuse of discretion exists when the court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.  *Todd v. RBS Citizens, N.A.*, 2010 WL 3943545, at *2 (E.D. Mich. Oct. 6, 2010) (citing *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 647 (6th Cir. 1993)).

In support of his motion against Wellpath Defendants, Plaintiff attached a copy of his January 11, 2021 discovery requests (ECF No. 71, PageID.946) which include the following requests:

1. Document Request Number One seeks all medical records pertaining to medical care received by Plaintiff while in the custody of WCJ, including all medical records within Wellpath's custody from treatment received offsite.

2. Document Request Number Two seeks medical records from care received while in WCJ from February 2003 to December 2004.

3. Document Request Number Three seeks the employment files directly relating to any and all misconducts alleged by inmates and investigated by supervisors, with relevant outcomes of the named Wellpath Defendants.

4. Document Request Number Four seeks policies relating to (i) to the supervision, training, hiring, and discipline of – medical providers, health care administrators, regional directors, registered nurses, and licensed practical nurses; (ii) medical accommodations for inmates (including medical housing); (iii) discriminating against inmates based on disabilities (in violation of The Rehabilitation Act of 1973 (29 USC § 794)), ADA (42 USC § 12132), and Persons with Disabilities Civil Rights Act (MCL 37.1302); (iv) inmates receiving deficient medical treatment under the Constitution and federal laws; (v) Wellpath staff reporting clear and persistent misconduct by other Wellpath staff and/or County Jail staff, relating to the medical treatment of inmates received in jail under Wellpath's care; (vi) termination decisions made by supervisory staff based on misconducts of Wellpath staff (who is responsible for making such decisions); and(vii) accommodation of inmate with standing, walking disability, or labeled as a "fall risk" (including shower chair and walker accommodation).

(ECF No. 71, PageID.951-52).

On February 10, 2021, Plaintiff attempted to confer with Defendants' counsel regarding the request. (*Id.* at PageID.945). However, he was unable to do so as the attorneys were working remotely due to the COVID-19 pandemic. (*Id.*).

Plaintiff requests the Court enter an order: (1) compelling defense counsel to provide him with the discovery as requested per Fed. R. Civ. P.37(a); (2) deem any perceived discovery objections waived[4] per Fed. R. Civ. P. 34(b); (3) grant a hearing on this matter if deemed necessary; and (4) extend the scheduling order. (ECF No. 71, PageID.948).

In response to the motion, the Wellpath Defendants state: (1) the individual employees of Wellpath are not in possession, custody or control of the documents requested; (2) Wellpath, LLC, who may be in possession of the requested documents, is not presently a defendant in the lawsuit; and (3) the requests were timely responded and/or objected to on or about February 11, 2021 (ECF No. 81-1, PageID.1128); (ECF No. 81, PageID.1118). Further, the Wellpath Defendants contend Plaintiff's motion to compel fails to explain in what manner its responses and/or objections to his requests are improper or not in compliance with the court rule. (*Id.*).

### 1. Document Request Number One

---

[4] The Court will not deem Wellpath Defendants' responses waived as the discovery requests were timely responded to. (ECF No. 81, PageID.1118, 1127).

The medical treatment provided by the Wellpath Defendants to Plaintiff while he was a pretrial detainee is one of the primary issues in this litigation. Documents, such as medical records, which contain information regarding treatments considered and administered, frequency of administration, and similar information would therefore be relevant and likely to lead to the discovery of admissible evidence. *Tompkins*, 278 F.R.D. at 388. Thus, Plaintiff's request for his medical records is relevant.

Although, the Wellpath Defendants argue in their motion that the individual Wellpath Defendants are not in possession, custody, or control of the documents and "Wellpath, LLC who may be is not presently a defendant in this lawsuit" in their discovery responses they also state the following:

> Notwithstanding same objections, the named defendants are not in possession of a copy of the documents sought and any request for the records at issue should be directed by subpoena to Wellpath, LLC. **Counsel for [the Wellpath] Defendants will voluntarily provide a copy [of] all medical [ ] documents in their possession received from Wellpath for the dates from August 2018 through the end of 2020**, subject to any necessary redactions as stated above and payment of $0.25 per page upon receipt of same. The records total 1,522 pages therefore the cost of producing the documents is $380.50.

(ECF No. 81-1, PageID.1124) (emphasis added). Ultimately, although the individual Wellpath Defendants are not in possession of Plaintiff's medical records, their counsel is and counsel is also capable of producing them. Further,

Wellpath Defendants' counsel has offered to do so.  Thus, the Wellpath

Defendants are **DIRECTED** to produce copies of the responsive documents, with

the necessary redactions, to Plaintiff.

In regard to Wellpath Defendant's statement that Plaintiff must pay $0.25

per page in copying costs for the responsive documents in their possession, the

undersigned disagrees.  The Wellpath Defendants cite no authority to support this

position and rightly so as the general rule is "the party responding to a discovery

request bears the cost of compliance."  *Miller v. Klee*, Case No. 17-11006, ECF

No. 61, PageID.444 (E.D. Mich.), (Lawson, J) (rejecting the existence of any

bright line rule and observing, "[i]n *Yarrow*, the Sixth Circuit merely

acknowledged, as widely recognized elsewhere in the case law and explicitly

embodied in Rule 26(c)(1), that a district court has discretion to shift the costs of

discovery under appropriate circumstances in any civil case, and no rule of

constitutional law establishes an exception to that principle in a lawsuit brought by

an indigent prisoner plaintiff."); *see also Laethem Equip. Co. v. Deere & Co.*, 261

F.R.D. 127, 145 (E.D. Mich. 2009) (quoting *Oppenheimer Fund, Inc. v. Sanders*,

437 U.S. 340, 358 (1978)) ("'the presumption is that the responding party must

bear the expense of complying with the discovery requests.'").

Here, Wellpath Defendants' counsel has offered no reason why the costs of

providing responsive documents in his possession should be shifted to Plaintiff in

this instance.  There is nothing particularly costly, time-consuming, or unusual about a party having to bear the costs of providing paper copies in litigation to the requesting party.  Moreover, it seems evident that as a *pro se* prisoner, Plaintiff does not have the same access to information or resources as the Wellpath Defendants.  Also, and importantly, the records requested, and which the Wellpath Defendants have volunteered to provide, appear focused on the issues at stake in this controversy as discussed above.  For these reasons, the Court concludes that production of the medical records in possession of Wellpath Defendants' counsel is proportional to the needs of this case and the Wellpath Defendants should bear the costs of producing them.  The Wellpath Defendants are **DIRECTED** to produce copies of the responsive documents,[5] without cost, to Plaintiff **within 30 days of entry of this Order**.

      2.  Document Request Number Two

In regard to the medical records sought in Document Request Number Two, Plaintiff's motion is denied as the allegations contained in the complaint involve

---

[5] The undersigned has taken note of the Wellpath Defendants' statement that "it is understood that Wellpath may have previously provided Plaintiff a copy of his records through early September 2020."  (ECF No. 81-1, PageID.1124).  The mere unconfirmed possibility responsive documents <u>may</u> have been provided to Plaintiff is insufficient to waive the Wellpath Defendants' responsibility to produce relevant documents within its possession to Plaintiff in response to his discovery request.

incidents which allegedly occurred in excess of fifteen years after the requested

medical records were created and thus fall far beyond the relevant time period.

### 3.  Document Request Numbers Three and Four

In response to Document Request Numbers Three and Four regarding the

Wellpath Defendants' employment files and certain company policies, the

Wellpath Defendants have explained the individually named employees are not in

possession, custody, or control of the documents requested but may be in the

possession of Wellpath, LLC, who is not a party in the instant action.  (ECF No.

81, PageID.1118; 81-1, PageID.1125, 1127).  Further, in response to Document

Request Number Four, the Wellpath Defendants informed Plaintiff he has the

option of serving a subpoena on Wellpath, LLC requesting a copy of the

documents.  (*Id.* at 81-1, PageID.1125, 1127).  Plaintiff did not file a reply

challenging the Wellpath Defendants' contention that another entity is in

possession of the requested documents or proffer evidence to prove that the

individually named Wellpath defendants are in possession of the requested

documents and/or able to produce copies.

A party cannot produce documents that are not within its possession,

custody, or control.  *See* Fed. R. Civ. P. 34(a)(1) and 37; *see also Siler v. Baldwin*,

2011 WL 836733, at *2 (E.D. Mich. Mar. 9, 2011) (finding the court cannot

compel a party to produce documents not within their possession, custody, or

control). Thus, Plaintiff's motion in regard to Document Request Numbers Three and Four is **DENIED** without prejudice. Plaintiff, however, has leave to subpoena Wellpath, LLC for the requested documents pursuant to Federal Rule of Civil Procedure 45.

> B. Motion to Compel Production from Washtenaw Defendants (ECF No. 72)

In support of his motion against the Washtenaw Defendants, Plaintiff attached a copy of his January 11, 2021 discovery requests (ECF No. 72, PageID.966) which include the following requests:

1. Document Request Number One seeks unredacted copies of all jail incident reports Plaintiff has received since he first became acquainted with WCJ in 1998 to the present.

2. Document Request Number Two seeks copies of the individually named Washtenaw Defendants' employment history relating to any and all misconducts alleged by inmates while employed by Washtenaw County Sheriff's Department or Jail investigated by supervisors and the relevant outcomes of said investigations.

3. Document Request Number Three seeks the names of any and all past or current inmates that have filed any state or federal civil action against the individually named Washtenaw Defendants; the allegations made against said defendant(s) by the respective inmate(s); and the outcome of the claim and/or action filed with relevant case information citing.

4. Document Request Number Four seeks Defendant Eric Kohlenberg's previous employment file with the Colorado Department of Correction pertaining to any and all allegations of assault and excessive force by inmates while Defendant Kohlenberg was employed there; whether a civil action was filed for the allegations; whether the allegations were investigated by supervisors; and if so the outcome of the investigations.

5. Document Request Number Five seeks any and all video recordings directly relevant to the claims alleged in this action that the Washtenaw Defendants have, or should have, within their control.

6. Document Request Number Six seeks the Washtenaw County Sheriff's Department and Jail policies relevant to the claims stated in the instant action including policies relevant to (1) the training, supervision, and discipline of jail custody staff; (2) inmate placement in the emergency restraint chair; (3) inmate misconducts and disciplinary hearings (including minor misconducts, and any reason for not providing jail misconduct reports to inmate); (4) discrimination against inmate by jail staff based on disability (in violation ADA (42 USC § 12132), of The Rehabilitation Act of 1973 (29 USC § 794), and Persons with Disabilities Civil Rights Act (MCL 37.1302)); (5) implementing internal affairs investigations against jail staff based on misconduct relating to inmates; (6) whom on jail staff oversees jail medical care of inmates and subcontracted employees within jail; (7) ADA compliance of units within jail; (8) use of force against an inmate (including riot shield, and pepper spray); (9) jail staff reporting misconduct by medical staff relating to inadequate treatment of inmate (by medical staff); and (10) jail custody staff following medical accommodation orders.  (ECF No. 72, PageID.966).

(ECF No. 72, PageID.963-66).

Plaintiff requests the court enter an order: (1) compelling the Washtenaw Defendants to provide him with the requested discovery per Fed. R. Civ. P.37(a); (2) deeming any discovery objections as not timely made[6] per Fed. R. Civ. P. 34(b)(2)(A); (3) granting a hearing on this matter if deemed necessary; and (4) extend the scheduling order.  (ECF No. 72, PageID.960).

---

[6] The Court will not deem the Washtenaw Defendants' responses waived as the discovery requests were timely responded to.  (ECF No. 79-3, PageID.1082).

In support of his motion, Plaintiff states he sent the requests for production of documents to the Washtenaw Defendants, by mail, on January 11, 2021.  (*Id.* at PageID.957).  On or about February 4, 2021, Plaintiff attempted to confer with Washtenaw Defendants' counsel regarding the request.  (*Id.* at PageID.959).  However, Plaintiff was informed the attorney was working remotely due to the COVID-19 pandemic.  (*Id.*).  Plaintiff further alleges the Washtenaw Defendants have not served timely objections to Plaintiff's requests.  (*Id.*).

On February 28, 2021, Plaintiff filed a supplemental brief in support of his January 11, 2021 Motion to Compel to Washtenaw Defendants.  (ECF No. 85).  Plaintiff stated he served a copy of Requests for Admissions ("RFA") on defense counsel for Defendants Clayton and Kunath on January 2, 2021.  (*Id.* at PageID.1145).  Plaintiff contends as of March 1, 2021, Defendants Clayton and Kunath failed to respond to Plaintiff's RFA.  (*Id.* at PageID.1146).  He attempted to confer with defense counsel on February 4 and 25, 2021 but was unable to do so.  (*Id.* at PageID.1146-47).

Next, Plaintiff states on February 18, 2021, the Washtenaw Defendants filed their response to Plaintiff's January 11, 2021 discovery which comprised of boilerplate objections.  (*Id.* at PageID.1147).  He contends the inclusion of boilerplate objections resulted in the "forfeiture of any relevant objections."  (*Id.* at PageID.1150).

Finally, Plaintiff argues defense counsel Christopher Hoffmann wished "to coerce" Plaintiff to sign his proposed protective order, to release all his health care records protected by HIPAA and physician-patient privilege, before Hoffman would produce the requested documents. (*Id.*). Plaintiff states his medical records are privileged and the proposed order is overly broad. (*Id.* at PageID.1151).

Plaintiff requests the Court enter an order: (1) compelling the Washtenaw Defendants to respond to his RFAs, or deem the requests admitted; (2) compelling the Washtenaw Defendants to release all documents and materials requested in Plaintiff's January 11, 2021 Request; (3) deeming the generalized and boilerplate defenses contained in Washtenaw Defendants' responses in violation of Fed. R. Civ. P. 34(b)(2)(B), frivolous and forfeited; (4) ordering sanctions against defense counsel Hoffmann; and (5) deeming the proposed protective order as coercive and subterfuge. (*Id.* at 1151-52).

In response to the motion and supplemental brief, the Washtenaw Defendants state that the documents Plaintiff seeks raise serious jail security and confidentiality issues. (ECF No. 79, PageID.1053-55, 1062). In addition, they maintain Plaintiff's motion is premature as they are prepared to produce relevant, non-privileged information upon the entry of a protective order and have informed Plaintiff as much. (*Id.*). Defendants further request Plaintiff's document request regarding the jail incident reports from 1998 to present be limited to the reports

14

created during Plaintiff's current incarceration period and deny Plaintiff's motion
to compel production of incident reports that predate it; enter an order preventing
Plaintiff from obtaining the requested confidential information of other inmates as
such information is not relevant to his claims and raises serious concerns related to
inmate privacy and jail security; and enter a protective order barring disclosure of
discovery materials to the public and other inmates and limiting the use of
discovery materials to purposes of litigating Plaintiff's claims. (*Id.* at
PageID.1063-65). In their response, the Washtenaw Defendants do not address
Plaintiff's allegations regarding the requests for admissions served on Defendants
Clayton and Kunath.

### 1. Document Requests Number One

In regard to Plaintiff's request for all jail incident reports since his initial
incarceration at WCJ (ECF No. 72, PageID.957), the Court finds this request is
overbroad and not narrowly tailored. The Plaintiff has not provided any arguments
or information which would persuade the Court that jail incident reports predating
February 2019 are relevant to the claims at issue or are proportional to the needs of
the case. Fed. R. Civ. P. 26(b)(1). Plaintiff cannot use this opportunity to go on a
fishing expedition for irrelevant documents which predate the relevant time period
as alleged in his second amended complaint. *See Tompkins*, 278 F.R.D. at 388.
Although, the Washtenaw Defendants have objected to this request as irrelevant

they have agreed to produce incident reports involving Plaintiff for the time period

relevant to the allegations in the complaint upon the entry of a mutually agreeable

protective order.  Although, Plaintiff  has refused to agree to the entry of a

protective order, the Court agrees that a protective order should be entered in this

case as discussed below.  Thus, the Washtenaw Defendants are **DIRECTED** to

produce any and all jail incident reports created during Plaintiff's incarceration

from 2018 to 2020[7] pursuant to the protective order further discussed below.

2.  Document Requests Numbers Two and Four

In Document Requests Numbers Two and Four, Plaintiff requests the

documents contained in the individually named Washtenaw Defendants'

employment files discussing any and all misconduct alleged by inmates and

documents contained in Defendant Eric Kohlenberg's Colorado Department of

Correction employment file discussing any and all allegations of assault and

excessive force by inmates during his tenure respectively.  (ECF No. 72,

PageID.957).  The Washtenaw Defendants object to the request as irrelevant,

overly broad, unduly burdensome, and not likely to lead to relevant information,

and to the extent that it seeks confidential and privileged information.  (ECF No.

---

[7] Plaintiff states he was incarcerated from October 1, 2018 to March 24, 2020.  (ECF No. 52, PageID.616).  The Washtenaw Defendants state Plaintiff's incarceration commended on August 2, 2018.  (ECF No. 86, PageID.1189).  Due to the inconsistent statements regarding the dates of Plaintiff's latest incarceration, the Court will direct the Washtenaw Defendants to produce any and all jail incident reports involving Plaintiff created during his current period of incarceration from 2018 to 2020 pursuant to the protective order discussed below.

79-3, PageID.1078-79).  Further, the Washtenaw Defendants contend that

disclosure of the individually named Washtenaw Defendant's

personnel/employment files may result in safety and security issues for the

inmates, jail, staff, and their families.  (ECF No. 79, PageID.1054).

"Plaintiffs are presumptively entitled to discovery of documents on prior

complaints and police histories of individual defendants because it could yield

relevant information."  *Gibbs v. City of New York*, 243 F.R.D. 95, 96 (S.D.N.Y.

2007).  "Disciplinary records involving complaints of a similar nature, whether

substantiated or unsubstantiated, could lead to evidence that would be admissible

at trial and thus, are discoverable."  *Frails v. City of New York*, 236 F.R.D. 116,

117 (E.D.N.Y. 2006); *accord, Wilson v. Hill*, No. 2:08-CV-522, 2010 WL

5014486, at *4 (S.D. Ohio 2010) (finding that "unsubstantiated allegations of other

instances of excessive use of force . . . could lead to the discovery of admissible

evidence.").

Despite the Washtenaw Defendants' objections, the Court finds this request

to be relevant based on the allegations of assault and use of excessive force lodged

against individually named Washtenaw Defendants.  (*See e.g.*, ECF No. 52,

PageID.573, 613).  While the Washtenaw Defendants present valid concerns

regarding the safety and security of the employees and their families, this issue can

be alleviated by the redaction of personal information and by the use of a

protective order.  *Gibbs*, 243 F.R.D. at 96 ("Privacy concerns can be alleviated by

an appropriate protective order and the redaction of personal information (like the

officers' addresses and social security numbers from the reports."); *see also King*

*v. Sanders*, 2014 WL 6669292, at *3 (E.D. Mich. Nov. 24, 2014) (overruling

defendant's objection with regard to the magistrate judge's ruling that required

defendant to produce documents relating to defendant's termination from MDOC,

including "any and all Investigative Reports and Findings, Internal Investigation

Reports, or any other reports, regardless of their title, that are connected with

Defendant's employment termination."); *see also Sanford v. City of Detroit*, 355 F.

Supp. 3d 619, 622 (E.D. Mich. 2019).

Thus, Plaintiff's Motion to Compel with respect to his second and fourth

document requests is **GRANTED**.  The Washtenaw Defendants may redact

sensitive information from the documents in accordance with the protective order

discussed below.

### 3.  Document Requests Number Three

In Document Request Number Three, Plaintiff seeks information regarding

any and all state and federal civil actions filed against the individually named

Washtenaw Defendant by current and former inmates.  (ECF No. 72, PageID.958).

The Washtenaw Defendants object to the request as irrelevant, overly broad,

unduly burdensome, and not likely to lead to relevant information.  (ECF No. 79-3,

PageID.1079).  Further, they object on the basis of privilege and confidentially. (*Id.*).

As explained above, the Court finds this request, similar to Document Requests Numbers Two and Four, to be relevant based on the allegations of assault and use of excessive force lodged against individually named Washtenaw Defendants.  Aside from the confidential details regarding case settlements which may have taken place, the majority of the information sought by Plaintiff regarding state and federal actions filed against the individually named Washtenaw Defendants is most likely publicly available.  *Sanford v. City of Detroit*, 355 F. Supp. 3d 619, 624 (E.D. Mich. 2019).  Therefore, the Washtenaw Defendants need not produce the documents on these lawsuits.  *Id.*  However, the Washtenaw Defendants are **DIRECTED** to produce a list of the lawsuits in which the individually named Washtenaw Defendants were named, including the court in which they were filed and the docket information.

4.  Document Request Numbers Five and Six

In Document Request Numbers Five and Six, Plaintiff seeks any and all video recordings (ECF No. 72, PageID.965) and various Washtenaw County Sheriff's Department and WCJ policies (*id.* at PageID.965-66) directly relevant to the claims alleged in his second amended complaint.  The Washtenaw Defendants object to the request for video records as vague and overly broad and "on the

grounds that the videos of the interior of [WCJ] are confidential and their

disclosure would impair [WCJ] security." (ECF No. 79-3, PageID.1080). In

regard to the request for various policies, the Washtenaw Defendants object to the

request as "vague, irrelevant, overly broad, and not likely to lead to relevant

information, and further object that Jail policies are confidential." Despite their

objections, the Washtenaw Defendants state in their responses that they will

produce the relevant video recordings and policies upon the entry of a mutually

agreeable protective order. (*Id.* at PageID.1080-82).

The Washtenaw Defendants' concerns regarding the safety and security of

WCJ and its staff in relation to producing relevant video records and WCJ policies

are well founded. Plaintiff's requests seek information that is not publicly

available and the disclosure of which could place the safety and security of WCJ,

its staff, and the inmates at risk. The Washtenaw Defendants have made their

intention to produce the relevant documents and recordings clear and merely

request that the production is made pursuant to a protective order. The Court finds,

as discussed below, that the entry of a protective order is warranted in this matter.

Thus, Defendants are **DIRECTED** to produce the relevant documents and

records requested in Document Requests Numbers 5 and 6 pursuant to the

protective order.

5.  Requests for Admissions

To date, neither Defendant Clayton nor Defendant Kunath have responded to Plaintiff's January 2, 2021 RFAs.  Further, the Washtenaw Defendants do not address in any fashion the outstanding RFAs in their response.  Defendants Clayton and Kunath are **DIRECTED** to serve their respective responses to Plaintiff's RFAs within **21 days** of the entry of this order.

### C.  Washtenaw Defendants' Motion for Protective Order (ECF No. 86)

The Washtenaw Defendants attempted to confer with Plaintiff in good faith prior to moving for entry of a protective order.  (ECF No. 86, PageID.1177).  On February 25, 2021, Plaintiff contacted Washtenaw Defendants' counsel and left a voicemail message indicating he would not agree to a protective order.  (*Id.*).  Subsequently, on March 24, 2021 the Washtenaw Defendants filed a Motion for a Protective Order.  (ECF No. 86).

Defendants contend the information Plaintiff seeks raises serious jail security and confidentiality issues and the Court should enter a protective order that restricts the use of information produced by the Washtenaw Defendants to this ligation.  (*Id.* at PageID.1179).  Further, Plaintiff has allegedly made threats against officers and other staff in the jail.  (*Id.* at PageID.1180).  Washtenaw Defendants argue good cause exists under Rule 26(c) to limit discovery consistent with their objections and to limit the disclosure of discoverable material produced in this

matter consistent with the terms of the proposed protective order attached as Exhibit I to Defendants' brief.  (*Id.*; ECF No. 86-10).

In regard to Plaintiff's Document Request Number One pertaining to jail incident reports, the Washtenaw Defendants request the Court limit the time period to include reports involving Plaintiff's current incarceration which commenced on August 2, 2018 as none of Plaintiff's allegations in the operative complaint predate this time frame, enter a protective order that limits the use of the reports to the instant litigation, and bars public disclosure.  (*Id.* at PageID.1188-89).  In regard to Document Requests Number Two, Three, and Four, Plaintiff has requested information pertaining to allegations of misconduct made by other inmates against officers.  (*Id.* at PageID.1190).  Defendants argue the court should not permit discovery of the confidential information concerning other inmates but to the extent discovery is permitted the materials produced should be subject to a protective order.  (*Id.* at PageID.1192).

On March 29, 2021, Plaintiff filed his response to the Motion for Protective Order.  (ECF No. 94).  In regard to Document Request Number One, Plaintiff contends he has had interactions with a number of the Washtenaw Defendants prior to his current confinement and thus the jail incident records predating his August 2, 2018 confinement are relevant and should be produced.  (*Id.* at PageID.1378).  Plaintiff argues the Washtenaw Defendants' contention that

production of the requested documents impacts jail security is misplaced, stereotypical and "'fail to rise beyond the level of conclusory statements' of harm, nor do they provide demonstrated specific facts of how serious injury will occur." (*Id.* at PageID.1379).  Further, Plaintiff argues he is entitled to all disciplinary factual findings and actions taken against the Washtenaw Defendants regardless of whether or not they relate to the claims in the instant action and unsubstantiated complaints involving alleged misconduct logged against individually named Washtenaw Defendants of a similar nature to that alleged in the complaint.  (*Id.* at PageID.1383).  The Court has addressed and ruled on the document requests at issue in the section above and will solely discuss the Washtenaw Defendants' request for a protective order.

Fed. R. Civ. P. 26(c) permits the court to issue protective orders for good cause shown to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had or that the disclosure or discovery be limited to certain matters.  The party seeking a protective order has the burden of showing that good cause exists for the order.  *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001).  To show good cause, the movant must articulate specific facts showing "clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements."  *Id.* (citations and internal quotation marks omitted).

Courts have great latitude in deciding whether to issue protective orders, and security is one of the factors to be considered. *See Hines v. Wilkinson*, 163 F.R.D. 262, 267 (S.D. Ohio 1995).

It is well-established that federal courts have often found good cause to limit discovery when such discovery "implicate[s] the safety and security of prisons and jails." *Johnson v. CoreCivic, Inc.*, 2019 WL 2158239 (W.D. Tenn. Apr. 3, 2019) (quoting *Shadburne v. Bullitt Cty., Ky.*, 2017 WL 6391483, at *3 (W.D. Ky. Dec. 14, 2017); *see also Doe v. Anderson*, 2017 U.S. Dist. LEXIS 152770, at *13 (E.D. Mich. Sept. 20, 2017) (stating that a protective order was proper and refusing to modify it because the defendants provided "several examples of situations in which the disclosure of the protected records could place the security of the prisoners and/or the safety of MDOC employees and their families at risk.").

The Washtenaw Defendants' arguments that providing Plaintiff with the employment files of the individually name defendants and the jail incident reports filed by other inmates, specifically their private information, could place the inmates and jail employees and their families in danger are reasoned and well founded. The Washtenaw Defendants' concern the release of the jail policies and video footage displaying the layout of the jail could threaten the safety and security of the jail, other prisoners, and the Washtenaw employees is also well founded.

The Court having considered the respective interests of the parties as outlined above finds that the Washtenaw Defendants have shown good cause for a protective order.  The Washtenaw Defendants are **DIRECTED** to submit the proposed protective order, attached as Exhibit I to the motion (ECF No. 86-10), to the Court via the Utilities function in CM/ECF.

Further, the Wellpath Defendants are **DIRECTED** to submit the proposed qualified protective order pursuant to HIPAA, attached as Exhibit A to their March 1, 2021 Motion for Qualified Protective Order Pursuant to HIPAA (ECF No. 69-2) and addressed in Judge Whelan's May 26, 2021 Order, to the Court via the Utilities function in CM/ECF.

## IV.    CONCLUSION

The Wellpath Defendants are ordered as follows:

- In response to Document Request Number One, they must produce any and all responsive medical records in their or their counsel's possession free of charge; and

- They must submit the proposed qualified protective order pursuant to HIPAA to the Court via the Utilities function in CM/ECF on or before Friday, August 13, 2021.

The Washtenaw Defendants are ordered as follows:

- They must produce relevant documents in response to Plaintiff's Document Requests Numbers One, Two, Four, and Six;

- They must produce a list of the lawsuits in which the individually named Washtenaw Defendants were named, including the court in which they

were filed, and the docket information in response to Plaintiff's
Document Request Number Three;

- They must produce relevant recordings and tapings in response to
  Plaintiff's Document Request Number Five;

- They must respond to the outstanding Requests for Admissions directed
  to Defendants Clayton and Kunath; and

- They must submit the proposed protective order to the Court via the
  Utilities function in CM/ECF on or before Friday, August 13, 2021.

Plaintiff is granted leave to subpoena the requested employment files and
company policies from Wellpath, LLC.

Fact discovery in this case is currently set to close on September 15, 2021.
(ECF No. 96).  The Court will extend the close of discovery to November 15, 2021
and the dipositive motion cut-off is set for December 15, 2021 to give the parties
sufficient time to produce the responsive documents.  The Defendants will have **30
days from the date of this Order** to supplement their document responses.  The
Washtenaw Defendants must serve their responses to Plaintiff's Requests for
Admissions **within 21 days of this Order**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Report and
Recommendation, but are required to file any objections within 14 days of service,
as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule
72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  August 9, 2021                         s/Curtis Ivy, Jr.
                                              Curtis Ivy, Jr.
                                              United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 9, 2021, by electronic means and/or ordinary mail.

<u>s/Kristen MacKay</u>
Case Manager
(810) 341-7850