UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY SCHUH,
     Plaintiff,

v.

JERRY CLAYTON, MARK
PTASZEK, MICHELLE
BILLARD, ERIC KUNATH,
MICHELLE BROWN, DAVID
CLIFTON, RICHARD
WILLIAMS, III, ERIC FLINT,
TYESHONDA BURRIS, JOSEPH
FENDT, ERIN CLARK, C'NA
JUSTICE, CARRIE A. ENGLE,
DAMIEN VANDIVIDIA, JOHN
MORARIO, ERIC
KOHLENBERG, CHRISTOPHER
DEA, PHUONG LE, FREDERICO
GARCIA, RANDY CASEY,
NANETTE WORLEY, and
DARYL PARKER,
     Defendants.
_____/

Case No.: 20-10468

David M. Lawson
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**ORDER ON DEFENDANT MORARIO'S MOTION TO COMPEL
AND FOR A QUALIFIED PROTECTIVE ORDER PURSUANT TO HIPAA
(ECF No. 103)**

## I.    PROCEDURAL HISTORY

Plaintiff Jeremy Schuh commenced the instant action on February 24, 2020,

without the assistance of counsel.  (ECF No. 1).  Plaintiff filed a second amended

complaint on January 4, 2021.  (ECF No. 52).  According to the second amended

complaint, while Plaintiff was housed at the Washtenaw County Jail ("WCJ"), he allegedly suffered physical manifestations (e.g., stomach pains, vomiting, intense migraines, and hives) as a result of the provided kosher diet. (*Id.* at PageID.608-10). This occurred while Plaintiff was a pretrial detainee. (*Id.* at PageID.568).

On June 29, 2021, Defendant Morario filed a Motion to Compel Authorization and for a Qualified Protective Order Pursuant to HIPAA. (ECF No. 103). On August 10, 2021, the Court issued an order directing Plaintiff to file a response on or before September 10, 2021. (ECF No. 109). A response was not filed by the deadline. On September 16, 2021, the court issued an order to show cause directing Plaintiff to file a response explaining why the Court should not recommend his action be dismissed for failure to prosecute. (ECF No. 119). Plaintiff filed a response on October 5, 2021, wherein he addressed Morario's motion to compel. (ECF No. 120). Subsequently, the Court vacated the order to show cause. (ECF No. 121). This matter was referred to the undersigned for all pretrial proceedings. (ECF No. 106).

For the reasons discussed below, Defendant Morario's Motion to Compel against the Plaintiff is **GRANTED**.

## II.    GENERAL DISCOVERY LEGAL STANDARDS

The Federal Rules of Civil Procedure were written to facilitate the discovery of relevant evidence proportional to the needs of each case. Rule 26 authorizes

relatively expansive discovery, subject to the considerations set forth in Rule 26(b)(1).  The Rule provides that a party may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  *Id.*  "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.

Further, a court has broad discretion over discovery matters, *Trepel v. Roadway Express, Inc.*, 194 F.3d 708 (6th Cir. 1999), and in deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and an order of the same is overruled only if the district court finds an abuse of discretion.[1] Additionally, "[d]istrict courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce."  *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 304-05 (6th Cir. 2007).

---

[1] In deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and his order is overruled if the district court finds an abuse of discretion.  12 Wright, Miller & Marcus, Federal Practice and Procedure § 3069, 350 n. 20 (2d ed. 1997 & Supp. 2010) (citing cases).  An abuse of discretion exists when the court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.  *Todd v. RBS Citizens, N.A.*, 2010 WL 3943545, at *2 (E.D. Mich. Oct. 6, 2010) (citing *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 647 (6th Cir. 1993)).

In assessing proportionality as it relates to disputed discovery requests, the court should look to:

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*State Farm Mut. Auto Ins. Co. v. Pointe Physical Therapy, LLC*, 225 F. Supp. 3d 700, 704 (quoting *Rockwell Med., Inc. v. Richmond Bros., Inc.*, 2017 WL 1361129, at \*1 (E.D. Mich. 2017) (quoting Fed. R. Civ. P. 26(b)(1)).

## III.    ANALYSIS

Defendant Morario requests the court enter an order compelling Plaintiff to "sign an authorization for his relevant medical records and for a qualified protective order pursuant to HIPAA."  (ECF No. 103, PageID.1414).  In support of his motion, Defendant Morario contends he is entitled to Plaintiff's medical and jail records as Plaintiff's allegations have placed his health, religious beliefs, and well-being at issue in the instant action.  (*Id.* at PageID.1429-30).  Prior to filing the motion, Defendant Morario requested Plaintiff execute a HIPAA authorization on several separate occasions; Plaintiff rejected each request.  (*Id.* at PageID.1427).

Plaintiff did not contest Defendant Morario's Motion to Compel.  Instead, in his response to the Court's September 16, 2021 Order to Show Cause he included a paragraph addressing Defendant Morario's motion and agreed to "sign

4

Authorization forms for the Release of Relevant Info[rmation] 'specific' to [Plaintiff Morario's] Defense of food allergies. . . ."  (ECF No. 120, PageID.1580). Plaintiff provided no further explanation or argument as to why the Court should limit the HIPAA authorization.

Based on the allegations contained in Plaintiff's second amended complaint, the Court finds Plaintiff has placed his health at issue and the requested medical records are relevant in regard to Defendant Morario.  (ECF No. 52, PageID.608-11).  Further, Plaintiff has agreed to execute the requested HIPAA authorization. (ECF No. 120, PageID.1580).  Thus, Defendant Morario is **DIRECTED** to provide Plaintiff with the relevant HIPAA authorization for execution **on or before Friday, October 29, 2021** to collect any and all medical records created during the relevant time period from October 2019 to April 2020 pursuant to the qualified protective order.

Defendant Morario has also requested the entry of a qualified protective order.  Under the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §1320 *et seq*., health care providers are generally prohibited from disclosing patient information.  However, there are exceptions to set forth in the HIPAA regulations.  45 C.F.R. § 164.512(e)(1) provides in part as follows:

"Permitted disclosures. A covered entity may disclose protected

health information in the course of any judicial or administrative proceeding:

(i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order, or

(ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

(A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or

(B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section."

The present motion implicates the scope of a qualified protective order

under HIPAA.  In this regard, 45 C.F.R. § 164.512(e)(1)(v) provides as follows:

"For purposes of paragraph (e)(1) of this section, a qualified protective order means, with respect to protected health information requested under paragraph (e)(1)(ii) of this section, an order of a court or of an administrative tribunal or a stipulation by the parties to the litigation or administrative proceeding that:

(A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and

(B) Requires the return to the covered entity or destruction of the

protected health information (including all copies made) at the end
of the litigation or proceeding."

As previously discussed, Plaintiff has placed his health and medical
condition at issue in the current action.  Therefore, Defendant Morario is entitled to
the entry of a qualified protective order.  Further, the provisions included in the
order provide Plaintiff with protections the Court find are warranted in the instant
action.

Defendant Morario is **DIRECTED** to submit an updated proposed qualified
protective order pursuant to HIPAA, attached as Exhibit B to their June 29, 2021
Motion (ECF No. 103-3) to the Court via the Utilities function in CM/ECF.

## IV.   CONCLUSION

Defendant Morario is ordered as follows:

- Provide Plaintiff with the relevant HIPAA authorization for execution on
  or before **Friday, October 29**; and

- Submit the proposed qualified protective order pursuant to HIPAA to the
  Court via the Utilities function in CM/ECF on or before **Wednesday,
  November 3, 2021**.

Plaintiff is ordered as follows:

- Execute the HIPAA authorization sent by Defendant Morario on or
  before **Friday, November 12, 2021**.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Report and
Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and

Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health

and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of

Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Dated: October 20, 2021                    s/Curtis Ivy, Jr.
                                           Curtis Ivy, Jr.
                                           United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 20, 2021, 2021, by electronic means and/or ordinary mail.

<u>s/Kristen MacKay</u>
Case Manager
(810) 341-7850