UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JEREMY SCHUH,<br>　　　Plaintiff,<br>v.<br><br>JERRY CLAYTON, MARK PTASZEK, MICHELLE BILLARD, ERIC KUNATH, MICHELLE BROWN, DAVID CLIFTON, RICHARD WILLIAMS, III, ERIC FLINT, TYESHONDA BURRIS, JOSEPH FENDT, ERIN CLARK, C'NA JUSTICE, CARRIE A. ENGLE, DAMIEN VANDIVIDIA, JOHN MORARIO, ERIC KOHLENBERG, CHRISTOPHER DEA, PHUONG LE, FREDERICO GARCIA, RANDY CASEY, NANETTE WORLEY, and DARYL PARKER,<br><br>　　　Defendants.<br>_____/ | Case No.: 20-10468<br><br>David M. Lawson<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION RULE 41(b) DISMISSAL AND
MOTION TO DISMISS UNDER RULE 41(b) (ECF No. 125)**

**I.    PROCEDURAL HISTORY**

Plaintiff Jeremy Schuh, an inmate formerly in the custody of the Washtenaw

County Jail, commenced this lawsuit against the defendants Jerry Clayton, Mark

Ptaszek, Michelle Billard, Eric Kunath, Michelle Brown, David Clifton, Richard Williams, III, Eric Flint, Tyeshonda Burris, Joseph Fendt, Erin Clark, C'na Justice, Carrie A. Engle, Damien Vandividia, John Morario, Eric Kohlenberg, Christopher Dea, Phuong Le, Frederico Garcia, Randy Casey, Nanette Worley, and Daryl Parker (collectively "Defendants"), under 42 U.S.C. § 1983, for alleged violations of his civil rights. (ECF No. 1).[1]  Plaintiff is proceeding without counsel and *in forma pauperis*.  This matter was referred to the undersigned for all pretrial proceedings. (ECF No. 106).

Before the Court is the motion of Defendants, pursuant to Federal Rule of Civil Procedure 41(b), to dismiss this action for Plaintiff's failure to prosecute. (ECF No. 125). On December 9, 2021, the Court entered an order requiring a response to Defendants' motion to dismiss by December 30, 2021. (ECF No. 126). That order provided **"failure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party."** (*Id.*) (emphasis in original). A review of the docket revealed that Plaintiff has not filed a timely response to this motion, and the deadline to do so has passed.

For the reasons discussed below, the undersigned recommends that Plaintiff's complaint against Defendants be **DISMISSED** with prejudice under

---

[1] Plaintiff notified the Court that his addressed changed and that he now resides in Dexter, Michigan. (ECF No. 98).

Federal Rule of Civil Procedure 41(b) and that the pending motion (ECF No. 125) be **TERMINATED** as **MOOT**.

## II.     PROCEEDINGS RELEVANT TO THE PENDING MOTION

The proceedings to date are, in the aggregate, indicative of much patience the court has displayed with respect to Plaintiff and of the accommodation it has made to account for his *pro se* status. The following synopsis of relevant events, which demonstrates both Plaintiff's failure to guide his case to a speedy resolution and his defiance of court orders, forms the basis of the undersigned's recommendation of dismissal:

Now, the close of discovery is fast approaching. Initially scheduled to be completed by March 31, 2021, (ECF No. 37) the deadline was extended several times (ECF Nos. 96, 123). That said, Defendants Michelle Brown, Erin Clark, Carrie A. Engle, Daryl Parker, Nanette Worley sought judicial intervention on March 25, 2021, compelling production of documents from Plaintiff. (ECF No. 89). As Plaintiff brought a claim of deliberate indifference to his medical needs, as well as a claim under the American with Disabilities Act, Defendants sought Plaintiff's authorization to obtain his relevant medical records. On May 26, 2021, the Court granted the motion and Ordered Plaintiff to provide signed medical authorizations for his medical records from a number of medical providers. (ECF No. 100). On June 29, 2021, Defendant Morario filed another motion to compel

Plaintiff to execute an authorization for his relevant medical records as Plaintiff's complaint alleged matters involving his health and well-being while he was imprisoned. (ECF No. 103). On August 10, 2021, the Court entered an Order requiring Plaintiff to file a response to Defendant Morario's motion by September 10, 2021. (ECF No. 109).

In addition, a Notice to Appear for a status conference on August 25, 2021 at 10:00 am was issued. (ECF No. 110). Keeping in mind Plaintiff's *pro se* status, when he failed to appear, the Court tried to reach him several times. The Court's attempts to reach Plaintiff were futile.

Further, on August 27, 2021, Defendant Morario, later joined by the Wellpath and Washtenaw Defendants, moved to Extend Defendants' Expert Disclosure deadline. (ECF Nos.114, 115, 116). Plaintiff's deadline to file a response to the motion to extend was September 10, 2021. A review of the docket revealed that Plaintiff failed to timely respond.

Given Plaintiff's inaction, the Court issued an order for Plaintiff to show cause in writing by October 7, 2021, why the undersigned should not recommend that Plaintiff's complaint be dismissed for failure to prosecute. (ECF No. 119). On October 5, 2021, Plaintiff responded to the show cause order. (ECF No. 120). In his response, Plaintiff insisted he was having issues related to housing, and that

the address provided to the Court "is and was simply a mailing address…." (ECF No. 120, PageID.1580).

On December 8, 2021, Defendants moved to dismiss this action due to Plaintiff's failure to prosecute. In their motion, Defendants assert they scheduled Plaintiff's deposition for December 7, 2021. (ECF No. 125, PageID.1613). Despite previously confirming he would appear for the deposition, less than an hour before the scheduled deposition, Plaintiff informed the Washtenaw defendants' counsel that he would not be attending the deposition. (*Id.* at PageID.1614).

### III.   ANALYSIS AND RECOMMENDATIONS

Under Federal Rule of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile,*

*Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991)). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Id.* at 992.

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). "Neither the permissive language of [Rule 41(b)] - which merely authorizes a motion by the defendant - nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 630. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Id.* at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have

6

the power under [Fed. R. Civ. P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro*, 173 F.3d at 991. (citing *Carver*, 946 F.2d at 453). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). Although there is no indication that Plaintiff's failure to respond to the motion to dismiss was driven by willfulness, fault, or bad faith, in its most nefarious sense, he is still "at fault for failing to comply with the Court's Order[]." *Malott v. Haas*, No. 16-13014, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017). As noted in *White v. Bouchard*, No. 05-73718, 2008 WL 2216281, *5 (E.D. Mich. May 27,

7

2008), "defendants cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id.* Here, the Court warned Plaintiff in writing that failure to file a response may result in sanctions, including relief in Defendants' favor. (ECF No. 126). Additionally, the Defendants' motion to dismiss would have further informed Plaintiff of the risk that his claims could be dismissed. (ECF No. 125). Even so, Plaintiff provided no opposition to the motion. Thus, the first and third factors weigh unambiguously in favor of dismissal.

As to the second factor, Defendants argue they were prejudiced by Plaintiff in a number of ways. Despite spending significant time and resources trying to conduct discovery, they have nonetheless been unable to properly prepare for trial because of Plaintiff's lack of cooperation. (*Id.* at PageID.1621). The Sixth Circuit has held "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter v. City of Flint*, 723 F.3d 700, 707 (6th Cir. 2013) (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 739 (6th Cir. 2008) (same). Such prejudice typically arises in

8

the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11–02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Plaintiff's timely failure to participate in the discovery process and appear for the deposition, required Defendants to expend time, money, and effort pursuing cooperation via this and their own labors to connect with the non-responding Plaintiff. All parties are also entitled to just and prompt resolution of their cases. The failure to actively participate in discovery (and the later failure to advance litigation), have here prejudiced the parties and reflects the type of situation in which the court should intervene. Thus, this factor weighs in favor of dismissal.

Finally, it is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, 2008 WL 2216281, at *5 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). That said, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at

9

\*5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck v. U.S. Dep't of Treasury*, No. 11–10155, 2013 WL 511031, at \*2 (E.D. Mich. Jan. 25, 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013); *McMillian v. Captain D's*, No. 3:07–0218-MBS, 2007 WL 2436668, at \*2 (D.S.C. Aug. 27, 2007) (dismissing complaint because of plaintiff's failure to respond to motions to dismiss and to compel arbitration despite being advised of the applicable procedures and possible consequences for failure to respond adequately).

As already explained, that pattern of delay is present here, and Plaintiff has failed to reverse that pattern or make amends for it despite having been allowed to do so. The undersigned concludes that, for the reasons discussed above, Plaintiff has "engaged in a clear pattern of delay" by repeatedly ignoring orders of the Court and by otherwise failing to respond to the motion to dismiss. The Court Ordered a response to Defendant Morario's motion to compel by September 10, 2021. (ECF No. 109). Plaintiff failed to timely respond. On September 16, 2021, the Court warned Plaintiff that failure to respond would "result in a recommendation that the action be dismissed under Federal Rule of Civil Procedure 41(b)." (ECF No. 119, PageID.1577). The Court later warned Plaintiff that failure to timely respond to Defendants' motion to dismiss **"may result in sanctions, including granting all**

**or part of the relief requested by the moving party."** (ECF No. 126, PageID.1645) (emphasis in original). Plaintiff did not heed this warning. Given Plaintiff's history to fail to file responses as ordered, alternative sanctions would be futile.

All four factors set forth above weigh in favor of dismissal of this case. While dismissal under Rule 41(b) is a "harsh sanction," Plaintiff has been given ample opportunity to respond to Defendants' discovery requests, respond to Defendants' motions, and was specifically advised that his failure to comply with the Court's orders could lead to dismissal. No further less drastic sanction would be appropriate in this case. Given the foregoing conclusions, the undersigned also recommends that the pending motion to dismiss be terminated as moot.

### IV.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's complaint against Defendants be **DISMISSED** with prejudice under Federal Rule of Civil Procedure 41(b) and that the pending motion (ECF No. 125) be **TERMINATED** as **MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 10, 2022        s/Curtis Ivy, Jr.
                                                  Curtis Ivy, Jr.
                                                  United States Magistrate Judge

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 10, 2022, by electronic means and/or ordinary mail.

                                                    <u>s/Kristen MacKay</u>
                                                    Case Manager
                                                    (810) 341-7850