UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY SCHUH,
    Plaintiff,
v.

JERRY CLAYTON, MARK PTASZEK, MICHELLE BILLARD, ERIC KUNATH, MICHELLE BROWN, DAVID CLIFTON, RICHARD WILLIAMS, III, ERIC FLINT, TYESHONDA BURRIS, JOSEPH FENDT, ERIN CLARK, C'NA JUSTICE, CARRIE A. ENGLE, DAMIEN VANDIVIDIA, JOHN MORARIO, ERIC KOHLENBERG, CHRISTOPHER DEA, PHUONG LE, FREDERICO GARCIA, RANDY CASEY, NANETTE WORLEY, and DARYL PARKER,
    Defendants.
_____/

Case No.: 20-10468

David M. Lawson
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

# ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF No. 138)

Plaintiff Jeremy Schuh commenced this action on February 24, 2020, without the assistance of counsel. (ECF No. 1). Plaintiff filed a second amended complaint on January 4, 2021. (ECF No. 52). The defendants answered the amended complaint later that month. (ECF Nos. 54, 55, 56).

On August 5, 2022, Plaintiff filed what he called a motion to amend or supplement his complaint. (ECF No. 138). Since he filed this motion more than 21 days after serving his original complaint and after service of defendants' answers to the complaint, Plaintiff was required to seek leave of the Court or obtain the defendants' concurrence in filing an amended complaint. Fed. R. Civ. P. 15(a)(2). According to Plaintiff's filing, the defendants do not concur. Thus he was required to seek the Court's leave to amend his complaint. This document, however, does not include argument in support of allowing amendment. Rather, it reads as amended complaint paragraphs. But this is not a complete copy of a proposed amended complaint that the Court can consider. For instance, in the request for relief portion, Plaintiff asks that the Court allow him to supplement the complaint and add plaintiffs and defendants to the case. (ECF No. 138, PageID.1729). The caption of this document does not include the proposed additional plaintiffs and defendants. And it is not entirely clear if the substance of the document contains all the allegations Plaintiff intends to include in his complaint.

Because this motion does not include a complete copy of a proposed amended complaint, it is not proper. Local Rule 15.1 requires that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to

2

amend, must . . . reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." E.D. Mich. L.R. 15.1.

For this reason, Plaintiff's motion is **DENIED** without prejudice. If he chooses, Plaintiff may file a proper motion to amend that complies with Local Rule 15.1. The Court also takes this opportunity to caution Plaintiff that any future motion to amend the complaint and accompanying proposed amended complaint must comply with certain Federal Rules of Civil Procedure:

1. The amended complaint must comply with Local Rule 15.1, which requires that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must . . . reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference."

2. The amended complaint must also comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (The factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."). A plaintiff properly pleads

3

a claim for relief by "briefly describing the events" supporting the claim. *Peabody v. Griggs*, 2009 WL 3200686, *3 (D. R.I. 2009) (quoting *Sanjuan v. American Bd. Of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)). The statement of the claim should be short because "unnecessary length places an unjustified burden on the court and on the party who must respond to it." *Id*. (quoting *Laurence v. Wall*, 2007 WL 1875794, *1 (D. R.I. 2007)); *see also* Wright & Miller § 1281 at 709 ("[u]nnecessary prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage"). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted to enable him to answer and prepare for trial." *Id*. (quoting *Laurence*, 2007 WL 1875794, at *1).

3. Rule 10(b) mandates that claims must be made in numbered paragraphs; the contents of each are to be limited to a statement of a single set of circumstances; and, claims founded on separate transactions or occurrences are to be stated in separate counts if a separation facilitates a clear presentation.

4. Finally, plaintiff must be mindful that Rule 11 applies to any motion to amend and his proposed amended complaint. Failure to heed the Federal Rules of Civil Procedure could result in sanctions, including dismissal of his complaint. In filing his motion to amend and his proposed amended complaint, plaintiff will

be representing to the Court that, to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) [the proposed amended complaint] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims . . . and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery;

*See, e.g.*, *Jackson v. Hanson*, 1991 WL 3056, *1 (7th Cir. 1991) (Parties "proceeding IFP are not immune from Rule 11.").

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health*

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 11, 2022　　　　　　　　s/Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on August 11, 2022.

　　　　　　　　　　　　　　　　　　s/Kristen MacKay
　　　　　　　　　　　　　　　　　　Case Manager
　　　　　　　　　　　　　　　　　　(810) 341-7850