UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY SCHUH,
  Plaintiff,

v.

JERRY CLAYTON, MARK
PTASZEK, MICHELLE
BILLARD, ERIC KUNATH,
MICHELLE BROWN, DAVID
CLIFTON, RICHARD
WILLIAMS, III, ERIC FLINT,
TYESHONDA BURRIS, JOSEPH
FENDT, ERIN CLARK, C'NA
JUSTICE, CARRIE A. ENGLE,
DAMIEN VANDIVIDIA, JOHN
MORARIO, ERIC
KOHLENBERG, CHRISTOPHER
DEA, PHUONG LE, FREDERICO
GARCIA, RANDY CASEY,
NANETTE WORLEY, and
DARYL PARKER,
  Defendants.

_____/

Case No.: 20-10468

David M. Lawson
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**REPORT AND RECOMMENDATION ON PLAINTIFF'S EMERGENCY
MOTION FOR TEMPORARY RESTRAINING ORDER AND IMMEDIATE
PRELIMINARY INJUNCTION (ECF No. 139)**

Jeremy Schuh ("Plaintiff"), then a pretrial detainee in the custody of the

Washtenaw County Sheriff's Office ("WCSO") was confined at the Washtenaw

County Jail ("WCJ") in Ann Arbor, Michigan.  He filed this lawsuit on February

24, 2020, seeking relief under 42 U.S.C. § 1983 for violating his constitutional

rights alleged to have been committed while housed at the WCJ.  This *pro se* prisoner civil rights action has been referred to the Magistrate Judge for pretrial proceedings.  (ECF No. 106).

Pending before the Court is Plaintiff's motion (ECF No. 139) for emergency injunctive relief.  For the reasons below, the undersigned recommends that the motion be **DENIED**.

## I.      BACKGROUND

At the core, according to Plaintiff, this case is about several violations of his constitutional rights while he was incarcerated at the WCJ.  In his motion for emergency injunctive relief, Plaintiff complains about recent events related largely to an alleged domestic violence incident.  (ECF No. 139, PageID.1751-52).  Within that framework, as best can be decerned from Plaintiff's motion, Plaintiff complains about a Michigan District Court Judge issuing a no contact Order with the alleged victim of the domestic violence incident.  (*Id.* at PageID.1753).  He also complains that the bond set by that judge was punitive.  (*Id.* at PageID.1754).  And Plaintiff complains that a subsequent revocation of his telephone privileges also violated his rights.  (*Id.* at PageID.1755).  Plaintiff seeks to have the Court declare the "no contact order constitutionally invalid, and restraining the enforcement of said order by defendants Clayton, Clifton and Arnett."  (*Id.* at PageID.1761).

2

## II.   ANALYSIS

Federal Rule of Civil Procedure 65 governs injunctions and temporary restraining orders.  The decision to grant or deny injunctive relief falls solely within the discretion of the district court.  *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008).  In the Sixth Circuit, the "same factors [are] considered in determining whether to issue a TRO or preliminary injunction."  *Id.* Thus the Court can evaluate both the temporary restraining order and the preliminary injunction by the same analysis.  *See also id.* (applying the aforementioned factors to a temporary restraining order); *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (applying the same to a preliminary injunction).  In exercising its discretion, a court must consider whether plaintiff has established these elements: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014).  Plaintiff, as the moving party, bears the burden of demonstrating entitlement to injunctive relief.  *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).  Preliminary injunctions are not favored, and a movant is not necessarily entitled to relief, even if the movant has shown

likelihood of success on the merits.  *Benisek v. Lamone*, 138 S. Ct. 1942, 1943-44

(2018).

"The purpose of a preliminary injunction is to preserve the status quo until a

trial on the merits."  *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing*

*Co.*, 860 F.3d 844, 848 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S.

390, 395 (1981)).  As explained by the Sixth Circuit, "a party moving for a

preliminary injunction must necessarily establish a relationship between the injury

claimed in the party's motion and conduct asserted in the complaint."  *Colvin v.*

*Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d

470, 471 (8th Cir. 1994)).  Simply put, a plaintiff is not entitled to a preliminary

injunction on claims not pending in the complaint.  *See Ball v. Famiglio*, 396 F.

App'x 836, 837 (3d Cir. 2010).

The extraordinary relief Plaintiff seeks is not warranted in this case.  First,

the purpose of a preliminary injunction — to preserve the status quo until a trial on

the merits can be held, would not be served.  By way of his motion, the events

about which Plaintiff now complains are unrelated to the complaint allegations that

are properly before the Court and at issue.  As Plaintiff failed to connect the

complaint and the request for injunctive relief, his request must be denied.

Second, unfortunately for Plaintiff, he has not stated a viable legal theory in

support of injunctive relief, as each factor required to be considered, individually

and collectively, weigh against granting the relief he seeks.  Plaintiff has not

demonstrated a strong or substantial likelihood of success on the merits of his action.

Plaintiff failed to properly address, not merely cite, the requisite factors.

*See Gonzales v. National Bd. Of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000)

("[a]lthough no one factor is controlling, a finding that there is simply no likelihood

of success on the merits is usually fatal.").

The balancing of harms required by the third factor also does not weigh in

favor of the requested relief, and Plaintiff has not persuasively demonstrated that a

public interest would be advanced by the requested relief as required for the fourth

factor.  *Nat'l Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 325

F.3d 712, 720 n.4 (6th Cir. 2003).  Such reasons have not been shown by Plaintiff.

## III.   RECOMMENDATION

For the reasons stated, it is respectfully **RECOMMENDED** that Plaintiff's

motion for emergency injunctive relief (ECF No. 139) be **DENIED**.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and

Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  August 11, 2022                    s/Curtis Ivy, Jr.
                                          Curtis Ivy, Jr.
                                          United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on August 11, 2022.

s/Kristen MacKay
Case Manager
(810) 341-7850
