UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEREMY SCHUH,

          Plaintiff,

v.

JERRY CLAYTON, MARK PTASZEK,
MICHELLE BILLARD, ERIC KUNATH,
MICHELLE BROWN, DAVID CLIFTON,
RICHARD WILLIAMS, III, ERIC FLINT,
TYESHONDA BURRIS, JOSEPH FENDT,
ERIN CLARK, C'NA JUSTICE, CARRIE A.
ENGLE, DAMIEN VANDIVIA, JOHN
MORARIO, ERIC KOHLENBERG,
CHRISTOPHER DEA, PHUONG LE,
FREDERICO GARCIA, RANDY CASEY,
NANETTE WORLEY, and DARYL PARKER,

          Defendants.

Case Number 20-10468
Honorable David M. Lawson
Magistrate Judge Curtis Ivy, Jr.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING DEFENDANTS' MOTION TO DISMISS, AND DISMISSING CASE WITH PREJUDICE

Plaintiff Jeremy Schuh filed a complaint *pro se*, later amended, alleging that several jail employees violated his civil rights in a variety of ways when Schuh was an inmate at the Washtenaw County, Michigan jail. The Court referred the matter to a magistrate judge to conduct pretrial proceedings, first to Magistrate Judge R. Steven Whalen, and then to Magistrate Judge Curtis Ivy, Jr. upon Judge Whalen's retirement. Discovery in the case did not proceed smoothly because of Schuh's failure to respond to requests for documents and other requests for information, missed deadlines, failure to attend a status conference, and refusal to submit to his noticed deposition. The defendants moved to dismiss the case under Federal Rule of Civil Procedure 41(b), citing Schuh's failure to prosecute his case and to abide by court orders. On January 10, 2022, Judge Ivy filed a report recommending that the motion be granted, and the case be dismissed

with prejudice. The plaintiff filed objections to the report and recommendation, and the motion to dismiss is before the Court for fresh review. The Court agrees with the magistrate judge that the plaintiff's conduct in this lawsuit constitutes a failure to prosecute his case and comply with the Court's orders in good faith and that dismissal is an appropriate sanction. The Court will overrule the objections and grant the motion to dismiss.

I.

Schuh detailed a long list of grievances in his complaint against Washtenaw County jail personnel, some petty and others quite serious. He alleges that jail officers pepper sprayed him in retaliation for filing an earlier lawsuit, assigned him to a cell that was difficult for him to access because of his physical disability, treated him unfairly when he was punished for misconduct, failed to provide him with a Kosher diet that was "healthy and fit his religious beliefs," and refused to copy court papers for him. He named 21 jail employees as defendants.

Early in the case, the Court believed that the allegations were serious enough to warrant the appointment of *pro bono* counsel to assist Schuh, particularly after some of the jail officials disregarded this Court's order to make copies of lawsuit papers for Schuh at his expense. Attorney Frank Lawrence agreed to take the case and the Court appointed him as the plaintiff's attorney on June 19, 2020. However, Schuh was not able to see eye to eye with attorney Lawrence, and he moved to withdraw from the case, with Schuh's consent, on November 30, 2020. Schuh moved forward with his case on his own after the Court granted Lawrence's motion to withdraw. Schuh then filed a second amended complaint.

The magistrate judge entered a scheduling order, and the defendants attempted to take discovery from the plaintiff. Again, things did not go smoothly. On March 25, 2021, several of the defendants file a motion to compel the plaintiff to produce documents and sign medical

authorizations after he refused their earlier requests. Judge Whalen granted the defendants' motion over Schuh's objections on May 26, 2021 and ordered him to produce signed medical authorizations and various medical records.

Defendant John Morario then filed a second motion to compel the plaintiff to sign an authorization for his relevant medical records and for a qualified protective order. Schuh had not responded to the motion by August 10, 2021, and Magistrate Judge Ivy, now in charge of pretrial proceedings, entered an order requiring Schuh to file a written response to the motion by September 10, 2021. In the order, Judge Ivy warned Schuh that "[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party." ECF No. 109. Judge Ivy also scheduled a status conference by telephone for August 25, 2021. Schuh did not appear for the status conference even though "the court attempted to reach him several times." R&R, ECF No. 127, PageID.1650. In the meantime, defendant Morario filed a motion on August 27, 2020 to extend the defendants' expert disclosure deadline, citing Schuh's failure to provide the requested medical authorizations and records as the primary reason for the request. Other defendants joined in the motion. Schuh's response deadline also was September 10, 2021, but he failed to file a response or to comply with Judge Ivy's earlier order to answer Morario's discovery motion.

These procedural violations prompted Judge Ivy to issue an order for Schuh to show cause by October 7, 2021 why the case should not be "dismissed for failure to prosecute pursuant to Local Rule 41.2." Judge Ivy warned the plaintiff that his "failure to timely or adequately respond in writing to this Order to Show Cause will result in a recommendation that the action be dismissed under Federal Rules of Civil Procedure 41(b)." ECF No. 119, PageID.1577.

Schuh responded to the show cause order on October 4, 2021, asserting that he was unable to prosecute his case because the address used by the defendants and the Court was "simply a mailing address of plaintiff's mother" and that he had not received notice of the motions or the status conference because of "housing issues beyond his control." ECF No. 120, PageID.1582. Schuh also affirmed in his response that he had "resolved all housing issues, and does not see any further issues arising in [the] future." *Ibid*. Judge Ivy accepted Schuh's explanation for his inaction and dismissed the show cause order. ECF No. 121, PageID.1588.

Despite Schuh's assurances that no new compliance issues would arise, the defendants alleged that Schuh failed to appear for a deposition that the defendants had scheduled for December 7, 2021. Running low on patience, the defendants filed a motion to dismiss under Federal Rule of Civil Procedure 41(b). In his response to the motion, Schuh said that the reason he failed to attend the deposition is because he believed that the deposition was being held via Zoom. However, exhibit five to the motion contains an email from Schuh that blames his inability to attend the deposition on transportation issues. Schuh wrote that on the day of the deposition he did not have a driver's license and that he was in Dexter, Michigan, which, according to the plaintiff, was "outside the bus route." The defendants, on the other hand, contend that Schuh "confirmed that he would be there for the deposition" and that "despite this, less than an hour before the deposition was to begin . . . plaintiff informed the Washtenaw defendants' counsel that plaintiff would not be appearing for the deposition." Mot., ECF No. 125, PageID.1614. The notice of the deposition was served on the plaintiff on November 22, 2021 at his Dexter, Michigan address and clearly stated that "[t]he deposition will take place at 14A-1 District Court, Jury Assembly Room, 4133 Washtenaw Avenue, Ann Arbor, MI 48108." Mot., ECF No. 125-4, PageID.1636-37. Recall that Schuh had assured the Court in his response to the show cause order on October 4, 2021 that his

housing issues had been resolved and that he did not anticipate any future difficulties receiving communications.

Schuh's response deadline to the defendants' motion to dismiss was December 30, 2021. In his report, Judge Ivy cited Schuh's failure to file a timely response to that motion as one more instance in a clear pattern of delay. It appears, though, that Schuh signed and dated a response to the motion on December 30, but that it was not received and docketed by the Court until January 3, 2022. Resp., ECF No. 128, PageID.1667-68.

Judge Ivy nonetheless recommended that the case be dismissed under Rule 41(b) because Schuh's multiple procedural violations evidenced a willful failure to prosecute his case and comply with court orders. He determined that Schuh was at fault for failing to comply with his discovery obligations and causing the delay in the case, that the defendants were "required to waste time, money, and effort in pursuit of cooperation which plaintiff was legally obligated to provide," and that Schuh was warned by the Court that his "failure to timely respond . . . may result in sanctions, including granting all or part of the relief requested by the moving party." R&R, ECF 127, PageID.1653-57. Judge Ivy considered whether less drastic sanctions were appropriate, but he concluded that dismissal is called for when a *pro se* litigant has engaged in a clear pattern of delay. The magistrate judge believed that dismissal was appropriate here because Schuh "repeatedly ignor[ed] orders of the Court and . . . otherwise fail[ed] to respond to the motion to dismiss." *Id*. at 1656.

Schuh filed objections to the report and recommendation.

II.

When a party files an objection to a recommendation and report, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This fresh review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

This review is not plenary, however. "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

Schuh says that he did in fact respond to the motion to dismiss and objects to the magistrate judge's reliance on that supposed failure as a reason for concluding that he failed to prosecute his case. He also objects to the conclusion that the failure to attend his deposition prejudiced the defendants, and he asserts that the deposition was not court ordered. Finally, Schuh contends that dismissal is too harsh a sanction for the procedural violations cited by the magistrate judge; he insists that lesser sanctions should have been considered and the magistrate judge erred by failing to consider them.

Under Federal Rules of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against

it." Fed. R. Civ. P. 41(b). Dismissal is a "harsh sanction," and it generally is reserved for "extreme situations showing a clear record of contumacious conduct by the plaintiff." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). "Contumacious is defined as perverse in resisting authority and stubbornly disobedient." *Id*. at 737. Courts weigh four factors when considering dismissal as an option under Rule 41(b):

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Ibid*. None of the four factors individually are dispositive; dismissal is appropriate when there is a clear record that "demonstrates delay or contumacious conduct." *Mager v. Wisconsin Cent. LTD.*, 924 F.3d 831, 837 (6th Cir. 2019) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997)).

A.

Bad faith and willfulness occur when a plaintiff "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Schafer*, 529 F.3d at 737 (quoting *Wu*, 420 F.3d at 643). In this case, the plaintiff has missed several deadlines including his most recent infraction of missing his own scheduled deposition. He also missed a scheduled status conference with the magistrate judge. Schuh's excuse for missing many of the deadlines was his problem receiving mail, which he described as a "housing issue." But Schuh was warned at the very outset of the case that he had to keep his address current. ECF No 5. Local Rule 11.1 requires as much. And the notice Schuh received states: "Failure to

promptly notify the court of a change in address or other contact information may result in the **dismissal** of your case." *Ibid.*

For most of the case, Schuh has been proceeding *pro se*, having squandered an opportunity to have *pro bono* counsel assist him. But the obligations to comply with deadlines and attend a deposition are not arcane concepts that should confuse the average person. The Sixth Circuit has recognized that "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues" there is no reason to extend that latitude to "straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

The magistrate judge afforded Schuh considerable latitude when he accepted his excuses for missing multiple deadlines and dismissed the show cause order without imposing any sanctions. That indulgence apparently was underappreciated, as Schuh failed to attend his properly-noticed deposition seven weeks later. Schuh also missed the deadline for responding to the ensuing motion to dismiss, which the defendants filed in response to the deposition no-show. Schuh says that his response was timely, pointing to the date of December 30, 2021 that he wrote on his reply. But the operative date is the date the paper was received by the Clerk. Fed. R. Civ. P. 5(d)(2)(A) ("A paper not filed electronically is filed by delivering it . . . to the clerk."). Schuh apparently relies on the so-called "prison mailbox rule," which creates a "relaxed filing standard [where] a *pro se* prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court . . . with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed the complaint. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). But the prison mailbox rule applies only to prisoners, *Cretacci v. Call*, 988 F.3d 860, 867 (6th Cir. 2021), and Schuh was a free man when the filings were due.

Missing a motion response deadline by a few days generally is not considered an egregious procedural violation. However, that missed deadline was just one more default in a long line of rule violations that significantly delayed the orderly progress of the litigation. Schuh's conduct, therefore, evidenced a pattern of delay that amounted to "a reckless disregard for the effect of his conduct on [the] proceedings." *Schafer*, 529 F.3d at 737

Judge Ivy correctly concluded that this factor favors dismissal, and the plaintiff's objection challenging that finding will be overruled.

B.

According to the Sixth Circuit, prejudice is established when the plaintiff's conduct caused the defendants "wasted time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide." *Schafer*, 529 F.3d at 737 (quoting *Harmon*, 110 F.3d at 368). In this case, the defendants allege that they have wasted time, money, and effort attempting to obtain discovery documents from the plaintiff and to take his deposition. The record supports those contentions. Defense counsel spent considerable time drafting motions to compel discovery, preparing for the deposition, traveling to the location of the deposition, spending money on the court reporter and videographer, and filing a motion to dismiss after the plaintiff failed to appear. These expenses are the type that the Sixth Circuit generally accepts as establishing prejudice. *See Schafer*, 529 F.3d at 742 (finding defendants expended time, money, and effort in taking plaintiff's deposition); *Cox v. University of Dayton*, No. 17-00395, 2019 WL 5725181, at *3 (S.D. Ohio Nov. 5, 2019) (holding that plaintiff's failure to attend his deposition wasted defendants time, money, and effort). The second factor weighs in favor of dismissal.

C.

Schuh was given repeated warnings that his failure or refusal to comply with the procedural rules could result in his case being dismissed. Start with the notice that the Clerk sent him at the beginning of the case. He was warned that the failure to comply with Local Rule 11.1, mandating that he keep his contact information current, could cause dismissal. Later, on August 10, 2021, Judge Ivy warned Schuh that his "failure to file a response" to the defense motion to compel discovery "may result in sanctions, including granting all or part of the relief requested by the moving party." ECF No. 109, PageID.1508. Judge Ivy warned that plaintiff again using the same language on December 9, 2021, after the defendants filed their joint motion to dismiss the case. ECF No. 126, PageID.1645. Judge Ivy was even more explicit in his show cause order, when he warned the plaintiff that the "[f]ailure to timely or adequately respond in writing to this Order to Show Cause will result in a recommendation that the action be dismissed under Federal Rule of Civil Procedure 41(b)." ECF No. 119, PageID.1577.

The three warnings issued by Judge Ivy constitute sufficient notice to the plaintiff that further noncompliance would result in dismissal of his case. Schuh should have realized after the show cause order was dismissed that he was on thin ice. Yet he failed to take the rules seriously after that, did not attend a deposition, and answered the next motion late in violation of the Court's order.

The third factor weighs in favor of dismissal.

D.

Factor four addresses alternate sanctions, asking if they were imposed or considered. Schuh says in his objections that the magistrate judge's rush to the ultimate sanction is fatal to his ruling. And the Sixth Circuit has suggested that the sanction of dismissal is only permissible when

"no alternative sanction would protect the integrity of the pretrial process." *Schafer*, 529 F.3d at 738 (quoting *Wu*, 420 F.3d at 644). But it must be remembered that the Sixth Circuit also explicitly has noted that it has never held that "a district court is without power to dismiss a complaint, as the first and only sanction." *Harmon*, 110 F.3d at 368. Instead, dismissal is appropriate when a plaintiff engages in contumacious conduct that is "sufficiently egregious." *Id.* at 369.

Judge Ivy plainly considered lesser sanctions. But he concluded, after reciting the plaintiff's repeated failures to heed his warnings, that "alternative sanctions would be futile." R&R, ECF No. 127, PageID.1657.

The Sixth Circuit's guidance that focuses on contemplation of lesser sanctions embraces the twin concepts of incremental punishment and the notion that the punishment must fit the crime. In *Carpenter*, for instance, the court stated that violations such as "repeated noncompliance with local filing rules and a delayed response to defendant's motions to strike" do not rise to the level of egregiousness required to constitute contumacious conduct. *Carpenter*, 723 F.3d at 705. But violations such as failing to appear at scheduled pretrial conferences, failure to respond to discovery requests, or acting "in contempt of a court order compelling cooperation with such requests" would constitute contumacious conduct. *Ibid*.

In this case, Schuh's conduct touched all the bases. He did not respond to motions within the time that the Court ordered, and sometimes not at all; he did not attend a court-ordered status conference; and he did not show up at his deposition after the date was cleared with him by the defendants. Possible alternative sanctions include the imposition of fines and costs, preclusion of calling witnesses, adverse inference jury instructions, and barring oral argument. *See Great Lakes Anesthesia, PLLC v. State Farm Mut. Auto. Ins. Co.*, No. 11-10658, 2011 WL 3203673, at *2 (E.D. Mich. July 27, 2011). After considering the plaintiff's performance in this case, it is fair to

conclude that none of these options would sufficiently "protect the integrity of the pretrial process." *Schafer*, 529 F.3d at 737 (quoting *Wu*, 420 F.3d at 644).

Judge Ivy concluded properly that dismissal was the only appropriate sanction under all the circumstances.

III.

The magistrate judge correctly applied the governing law to the accurately determined facts of the case as presented in the motion papers. The plaintiff's repeated failure to abide by court-ordered deadlines and his refusal to submit to discovery warrants the dismissal of his case for failure to prosecute under Federal Rule of Civil Procedure 41(b). The plaintiff's objections to the report and recommendation lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 127) is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections (ECF No. 131) are **OVERRULED**.

It is further **ORDERED** that the defendants' motion to dismiss (ECF No. 125) is **GRANTED**.

It is further **ORDERED** that the report recommending denial of the plaintiff's motion for a preliminary injunction (ECF No. 141) is **REJECTED as moot**.

It is further ORDERED that the plaintiff's emergency motion for a preliminary injunction and temporary restraining order (ECF No. 139) is **DISMISSED as moot**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

                                                 s/David M. Lawson
                                                 DAVID M. LAWSON
                                                 United States District Judge

Dated: September 28, 2022